THOMAS H. SULLIVAN and another *vs.* EDWARD MURPHY and another.

May 2, 1876.

**Evidence—Partnership—Admission.**—Where the fact of a partnership between the defendants is in issue, the admission of the fact by one of them is proper evidence against himself.

**Promise to Debtor to Pay his Debts.**—Where a debtor transfers his property to another, who, in consideration thereof, promises to pay the debts of the former, the promise is not within the statute of frauds.

**Corporation—Promissory Note.**—A corporation created under Gen. St. *c.* 34, title 2, may execute promissory notes to evidence debts which it may contract.

Appeal by defendants from an order of the district court for Hennepin county refusing a new trial, the action having been tried before *Vanderburgh*, J., without a jury.

*Atwater & Babcock*, for appellants, argued that the Gen. St. *c.* 34, title 2, does not authorize the corporations organized thereunder to issue commercial paper, citing *Rochester Ins. Co.* v. *Martin*, 13 Minn. 59; *Bank of Augusta* v. *Earle*, 13 Peters, 519, 587.

*A. N. Merrick*, for respondents.

GILFILLAN, C. J. Action to recover the amount of a promissory note given to plaintiffs by a corporation created under Gen. St. *c.* 34, title 2, called the Trades Manufacturing Company. It is alleged by the plaintiffs, and found by the court below, that the corporation transferred all its property to defendants, upon their undertaking and promise to assume and pay all its debts. The case made does not purport to contain all the evidence, and, therefore, we cannot consider whether the findings of fact are sustained by the evidence.

The admissions of Ira T. Murphy, of the fact of the partnership between himself and the other defendant, though they would not of themselves be sufficient to prove the partnership as to the other defendant, were proper evidence of it against him.

The promise of defendants, made to the corporation, to assume and pay its debts, is an original undertaking, and not a collateral one, and, therefore, not within the statute of frauds. *Goetz* v. *Foos*, 14 Minn. 265, and cases cited.

The statute under which this corporation was incorporated authorizes, by implication at least, the corporations contemplated by it to create debts in the ordinary transaction of their business ; and, since the old rule that a corporation can only contract under its corporate seal has been relaxed so as not to apply to contracts in the daily and ordinary transaction of its business, there is no reason why such debts may not be evidenced by promissory notes. The note in question was, therefore, valid.

Order affirmed.