Louis H. Maxfield and another vs. Michael Schwartz and another.

| | |
|---|---|
| 43 | 221 |
| 45 | 150 |
| 43 | 221 |
| 55 | 355 |
| 43 | 221 |
| 71 | 335 |

April 30, 1890.

**Agreement to Pay Another's Debts—Action by Creditor.**—Where the purchaser of a stock of goods of a partnership agreed, as a part of the consideration therefor, to assume and pay the existing firm debts of the vendors, the creditors of the firm may enforce the contract thus made for their benefit by action against such purchaser, though they were not specifically named or designated in the contract of sale.

Appeal by defendants from an order of the district court for Scott county, *Edson*, J., presiding, overruling their demurrer to the complaint. The action was brought to recover $287.81, on the agreement of defendants stated in the opinion.

*Macdonald & McLaughlin*, for appellants.

*Southworth & Coller*, for respondents.

Vanderburgh, J.[1] The complaint shows that on the 19th day of July, 1889, and for a long time prior thereto, the firm of Berens & Nachtsheim were engaged in business as general merchants in the city of Shakopee, and owned a stock of goods and merchandise, book-accounts, claims, and demands, and at that date entered into an agreement in writing with the defendants in this action, whereby they agreed to sell and deliver to the defendants all the property of every kind then belonging to them, and the defendants agreed, as consideration for such purchase, to pay the sum of $5,071, and did also undertake and agree to and with Berens & Nachtsheim to pay all the debts and liabilities of the last-named firm as the same should become due and payable. Berens & Nachtsheim thereupon delivered over to the defendants the firm property so agreed to be sold, and the latter paid the sum of $5,071 agreed on, and assumed the debts and liabilities above mentioned. Among these debts and liabilities was a debt due and owing plaintiffs for goods and merchandise pre-

[1] Mitchell, J., did not sit in this case.

viously purchased of them by Berens & Nachtsheim, and for the recovery of a balance due thereon this action is brought.

By their agreement with their vendors the defendants made the outstanding debts of the firm a liability of their own. *Sullivan* v. *Murphy*, 23 Minn. 6. The promise or agreement of the defendants in this case is, in legal effect, to pay to the creditors of Berens & Nachtsheim, who were such at the time the promise was made, the debts due them from the vendors of the defendants, from whom the consideration moved. *Barlow* v. *Myers*, 64 N. Y. 41. The plaintiffs are shown to belong to this class of creditors, and are therefore among those intended to be benefited, and are entitled to enforce the contract directly for their own benefit, and to maintain this action for the amount due them. *Bassett* v. *Hughes*, 43 Wis. 319; *Snell* v. *Ives*, 85 Ill. 279.

Order affirmed.