EDWIN W. DANA *vs.* REUBEN S. GOODFELLOW *et al.*

REUBEN S. GOODFELLOW *vs.* EDWIN W. DANA *et al.*

Argued Nov. 11, 1892. Decided Nov. 28, 1892.

**Covenant against Incumbrance on the Land Granted and on Other Land.**

D. conveyed to G. real estate, with no covenant but to protect and save the grantee harmless in his possession and ownership of the land against a mortgage upon that and other land, given by a former owner. The mortgage was afterwards foreclosed by a sale of all the mortgaged land as one parcel. Before the time to redeem expired, G. purchased and took an assignment of the certificate of sale. There was no redemption.

**The Grantee is under no Duty to Protect the other Land.**

*Held,* that D. was not entitled to the benefit of the purchase of the certificate, and to have the land other than that conveyed by him assigned to him upon paying to G. the amount paid by him on the purchase of the certificate and interest.

**When Breach of the Covenant Occurred.**

*Held,* also, that there was a breach of the covenant when the foreclosure title became absolute.

**Measure of Damage is the Price Paid.**

*Held,* also, that G.'s damage was the price he paid D. for the land conveyed to him, and that it could not be taken into account to reduce the damage that the value of the land included in the certificate other than that conveyed by D. to G. was more than the amount G. paid for the certificate.

First case is an appeal by plaintiff, Edwin W. Dana, from an order of the District Court of Hennepin County, *Lochren,* J., made April 16, 1892, sustaining a demurrer to his complaint.

James S. Garvin owned a lot in Minneapolis and on May 8, 1885, mortgaged it to Mary C. Lewis for $5,000. Garvin and wife conveyed the lot to plaintiff October 12, 1889, subject to the mortgage. On November 12, 1889, plaintiff and wife conveyed a small part of the lot to defendant, Reuben S. Goodfellow, for $400, and covenanted to protect Goodfellow and save him harmless as against the mortgage. Mrs. Lewis foreclosed her mortgage by action in court and

on January 12, 1891, bid in the property in one parcel for $5,536.32 and received the sheriff's certificate of purchase. The sale was confirmed by order made January 27, 1891. Goodfellow on January 7, 1892, paid Mrs. Lewis the amount due on the certificate of sale and had it assigned by her to Winfield S. Ray, the other defendant in this action, who held it in trust for Goodfellow. Dana's part of the lot was then worth $7,000. The plaintiff did not redeem from the sale and the legal title ripened in Ray, who has since conveyed it to Goodfellow. Plaintiff begun this action March 3, 1892, and by his complaint stated these facts and offered to pay the amount due on the certificate of foreclosure sale and interest, and prayed that defendants be adjudged to quitclaim to him his part of the lot. The defendants demurred to the complaint on the ground that it stated no facts entitling plaintiff to relief. The demurrer was sustained and plaintiff appealed.

The second case is an appeal by Reuben S. Goodfellow from a judgment of the District Court of Hennepin County, *Lochren, J.*, entered August 18, 1892, against him in an action brought by him February 6, 1892, against Edwin W. Dana to recover $400 damages for breach of the covenant against incumbrances mentioned above. The parties agreed upon the facts by stipulation in this action and submitted it to the court. The conclusion of the trial court was, that Goodfellow had no cause of action for breach of the covenant against incumbrances, contained in the deed made by Dana and wife to him, and judgment was entered that Goodfellow take nothing by his action, and pay the costs. He appealed.

*Cobb & Wheelwright,* for Edwin W. Dana.

After the execution and delivery of the deed from Dana to Goodfellow, containing Dana's covenant of indemnity against the mortgage, their relation became that of principal and surety. All subsequent acts and conduct of the parties, in relation to the mortgage, must be measured and governed by the rules of the law and equity, applicable to that relation, especially by the equitable doctrines of exoneration and subrogation. 3 Pom. Eq. Jur. § 1206, notes; *Buettel* v. *Harmount,* 46 Minn. 481; *McArthur* v. *Martin,* 23 Minn. 74.

Dana's covenant to save Goodfellow harmless from the mortgage is simply one of indemnity. It is not a covenant to discharge the mortgage, but a contract of indemnity to hold the covenantee harmless from such mortgage. In order to recover, Goodfellow must show actual damage, and he is limited in his recovery to the actual damage which he can show he has sustained. He has not shown that he has sustained any damage. *Weller* v. *Eames*, 15 Minn. 461, (Gil. 376;) *Campbell* v. *Rotering*, 42 Minn. 115.

The damages to which Goodfellow, as covenantee, is *prima facie* entitled, is the amount which he paid to extinguish the incumbrance, provided such sum does not exceed the purchase price of $400. *Willson* v. *Willson*, 25 N. H. 229; *Comings* v. *Little*, 24 Pick. 266; *Foote* v. *Burnet*, 10 Ohio, 317; *Grant* v. *Tallman*, 20 N. Y. 191.

But it is obvious that in making the payment to Mrs. Lewis he indemnified himself, because that payment resulted in securing property the value of which exceeds all sums expended by him, including the $400 paid Dana. It cost him nothing to extinguish the incumbrance; therefore he needs no indemnity. For this reason, upon the agreed facts, the court ordered judgment for the defendant Dana. *Danforth* v. *Smith*, 41 Kan. 146.

*Chas. J. Bartleson*, for Reuben S. Goodfellow.

The appellant Dana seems to base his right upon the law of principal and surety. His difficulty is that no such relation existed between the parties. The land conveyed by Dana to Goodfellow stood as security for the payment of the Lewis mortgage, but the personal relations of Dana to Goodfellow were solely those of obligor and obligee. The obligation of Dana was to pay the mortgage before foreclosure, and redeem from it after foreclosure, to exonerate the property of Goodfellow. If Goodfellow had made a redemption in fact, there would have been no occasion for Dana to appeal to the court to protect his rights, but Goodfellow would have had to enforce his lien upon Dana's portion of the property through legal process. But he did not redeem nor intend to redeem. Goodfellow bought the Lewis title, and had it transferred to him through the medium of Ray. In doing so, he in no way interfered with the right and duty

of Dana to make redemption and protect the property. It would be strange if by thus neglecting to perform a plain obligation, Dana could extend his time of redemption indefinitely.

The court below was of the opinion that by his purchase of Mrs. Lewis, Goodfellow indemnified himself by acquiring the balance of the premises at a price less than its value. But this is a question which does not concern Dana. Goodfellow owed Dana no obligation whatever with reference to this property, the obligations being all the other way, and he had the same right to buy it from her or from Lewis that any stranger would have had. Goodfellow is consequently a loser by the $400 that he paid Dana for his conveyance to him. Against this result Dana expressly agreed to indemnify him by his covenant. *Burk* v. *Clements*, 16 Ind. 132; *Atherton* v. *Williams*, 19 Ind. 105; *Manahan* v. *Smith*, 19 Ohio St. 384; *Cole* v. *Lee*, 30 Me. 392; *Cowdrey* v. *Coit*, 44 N. Y. 382.

GILFILLAN, C. J. These two cases depend on the same facts. Dana was the owner of certain real estate subject to a mortgage, executed by a prior owner, and November 12, 1889, with his wife, conveyed to Goodfellow, for the consideration of $400, a portion of the mortgaged premises, the deed containing no covenant but this: "It is agreed by and between the parties hereto, in consideration of the terms and conditions of this conveyance, that said first parties, their heirs and assigns, shall protect and save harmless said second party, his heirs and assigns, in his possession and ownership of the land above described and conveyed, against a certain mortgage on lot three for $5,000, dated May 8, 1885." January 12, 1891, under a decree to which these parties were parties, the mortgage was foreclosed by a sale of the real estate in one parcel for $5,536.32, the mortgagee becoming the purchaser, to whom the usual certificate was issued. The sale was confirmed January 27th following. January 7, 1892, the purchaser, upon being paid $5,920.61, the amount due of the price bid and interest, assigned the certificate to Ray, who purchased the same at the request of Goodfellow, the latter furnishing the money, with the agreement between them that, if redemption should be made, Ray should pay to Goodfellow the money paid on

redemption, and, if it should not be made, he should, after the time for redemption expired, convey the land to him. No redemption was made.

The first of the actions was brought to have Dana adjudged the owner of that part of the real estate not conveyed by him to Good-fellow, upon his paying the amount paid by Goodfellow for the as-signment of the certificate to Ray.

The second action was brought to recover damages for breach of the covenant above quoted.

A demurrer to the complaint in the first action was sustained, and judgment for defendant rendered in the second.

For the plaintiff in the first action it is claimed that the transaction of Goodfellow through Ray in securing an assignment of the certificate was, in legal effect, a redemption; but there is nothing in the transaction to indicate that it was intended to be anything other than what it purported and appeared to be, to wit, a purchase of the certificate; and there was nothing in the position of Goodfellow towards Dana or the property to disable him to make the purchase, and hold it as such, just as any third person might have done. He owed Dana no duty with respect to the mortgage, either to pay it or redeem from the sale under it. He did not stand in a fiduciary relation towards him. He did nothing to prevent him performing his covenant. Under the covenant the only duty on Dana was to protect the real estate from the mortgage and the sale, which he could have done, and which continued his duty to do to the time when the right to redeem expired. There is no reason for claiming that the transaction should inure in any way to his benefit.

As Goodfellow might have purchased at the mortgage sale, or might purchase the certificate of sale, and hold the interest thus acquired as any other person might, the effect on the covenant pending the right to redeem and after the sale became absolute was no other than though the interest had been bought and held by any other person. As soon as the foreclosure sale became absolute, the title under the deed from Dana to Goodfellow was defeated,—the thing against which the former covenanted to protect the latter. Whether we treat the covenant as one to pay the mortgage or as

strictly one to indemnify against injury to the title by reason of the mortgage, there was a breach of it as soon as the foreclosure title became absolute through Dana's neglect to redeem.

The recovery upon a breach of a contract to indemnify is limited by the amount of damage or injury sustained by the breach. In this case the breach consisted in Dana allowing the foreclosure to extinguish the title passed by his deed. The damage was the value of that title,—that is, of the land; and such value was *prima facie* the price paid, $400. But it is claimed that, because the value of the land other than that conveyed by Dana to Goodfellow exceeded by more than $400 the amount the latter paid for the certificate of sale, he in fact sustained no damage. Taking into account the value of that land as compared with the amount paid for the certificate for the purpose of reducing the damages would be giving Dana the benefit of the purchase of the certificate, which, as we have already said, he was not entitled to. In the case of a covenant against incumbrances the covenantee's right to substantial damages accrues at the time of and because of his act of paying off or securing the discharge of the incumbrance. The breach is then complete. What he is obliged to pay for the purpose is what the existence of the incumbrance and the covenantor's neglect to remove it has cost him, and that limits his recovery. But the purchase by Goodfellow of the certificate had no relation to the breach, or to his right to substantial damages. His cause of action did not grow out of it, and the covenant was not affected by it. Dana still had the right, and it was still his duty, under his covenant, to protect the title he had passed to Goodfellow by redeeming. Until he had neglected that duty, and allowed the foreclosure to extinguish the title he had covenanted to protect, there was no cause of action, and no right to damages against him.

On the facts found the court in the second action ought to have rendered judgment for plaintiff for $400 and interest from the time when the foreclosure sale became absolute, and the court below, on a remand of the case, will enter such judgment.

The order sustaining the demurrer in the first case is affirmed.

Judgment reversed; order affirmed.

(Opinion published 53 N. W. Rep. 656.)