55 353
71 335

## Loring K. Lovejoy *vs.* Jeremiah J. Howe *et al.*

Submitted on briefs Oct. 23, 1893. Affirmed Nov. 29, 1893.

No. 8346.

**Findings sustained by the evidence.**

Certain findings of fact *held* sustained by the evidence.

**Suit by creditor on the·promise of a third person to the debtor to pay the debt.**

Where a debtor assigns his property to a purchaser, who, in consideration thereof, agrees to pay the claims of the creditors of the assignor, such creditors may sue the purchaser directly upon his agreement.

**Parol evidence of contents of instrument withheld by opponent.**

Where it appears with reasonable certainty that a written instrument was delivered to the assignee therein, who is a party to the action on trial, it is for him to account for or produce it upon due notice; and, if he does not, the opposite party may introduce parol evidence of its contents.

**Impressions of a witness as evidence.**

A witness will not be permitted to state his impressions unless he swears to the same as a matter of recollection, and not of inference or opinion.

**Findings, omission in, how treated.**

Where the trial court omits by manifest oversight to include in its findings a fact put in issue, but which was indisputably proven, and not contested or litigated on the trial, it may be assumed and treated as if found by the appellate court, in its discretion, without the formality of sending the case back for a further finding.

Appeal by Jeremiah J. Howe, one of the defendants, from a judgment of the District Court of Hennepin County, *Seagrave Smith,*
v.55m.—23

J., entered January 30, 1893, against him and Sumner W. Farnham for $2,820.51.

On May 25, 1886, at Fargo, Dak., James A. Chesley and Frank L. Lovejoy were partners in business, under the firm name of Chesley & Lovejoy, dealing in lumber. On that day they were indebted to Stephen B. Lovejoy $1,625 and gave him their note therefor, due in ninety days with ten per cent. interest. The next day they dissolved partnership and Frank L. Lovejoy received a part of their assets and assumed payment of this note. He soon after conveyed and assigned to defendants, Jeremiah J. Howe and Sumner W. Farnham, the assets he received and they agreed with him to pay the note. They were partners in business under the firm name of J. J. Howe & Co. Stephen B. Lovejoy afterwards sold and delivered the note to the plaintiff, Loring K. Lovejoy, and he brought this action in April, 1892, to recover of defendants the amount due thereon. Farnham did not answer. Howe denied that his firm assumed to pay the note. The issues were tried November 15, 1892. A jury was waived and the Court made findings and ordered judgment for plaintiff. Defendant Howe moved for a new trial and to amend the findings. Both motions were denied. Judgment was entered and he appealed. The discussion here was upon the evidence, whether or not it supported the findings.

*Kitchel, Cohen & Shaw,* for appellant.

*Little & Nunn,* for respondent.

VANDERBURGH, J. The firm of Chesley & Lovejoy, in May, 1886, and for a long time previous thereto, were engaged in the lumber business at Fargo, Dak., and were then largely indebted, chiefly to Farnham & Lovejoy and J. J. Howe & Co., and at the date mentioned their assets were about equal to the amount of their debts, and they were then contemplating a dissolution of the partnership, and a division of the assets, and the assumption by each member of the firm of his proper portion of the indebtedness, which included the note sued on in this action; and thereafter, on the 26th day of May, 1886, upon consultation with defendant J. J. Howe, one of the firm of J. J. Howe & Co., Chesley & Lovejoy entered into an agreement under which they agreed to dissolve their partnership, and Lovejoy, whose Christian name was Frank, was to receive the real

estate belonging to the partnership and the book accounts, and in consideration thereof to assume all the partnership indebtedness except a portion of the account due J. J. Howe & Co., which Chesley agreed to pay in consideration of a transfer to him of the balance of the personal property. The court finds that at or about the time of this agreement, and in connection with it, as a part of the same transaction, Frank Lovejoy transferred the book accounts to J. J. Howe & Co., and duly conveyed to J. J. Howe all the real estate received by him on the agreement of dissolution, being all the partnership assets to him transferred, and that J. J. Howe, in consideration thereof, promised and agreed to pay all the partnership indebtedness which Lovejoy had assumed as his portion of the liabilities of the firm. The other members of the firm of J. J. Howe & Co. were S. W. Farnham and James A. Lovejoy, the last two constituting the firm of Farnham & Lovejoy. But James A. Lovejoy had previously died, and J. J. Howe was one of his executors; and Howe, in looking after the assets of Chesley & Lovejoy, was interested not only for the firm of J. J. Howe & Co., but also for that of Farnham & Lovejoy. The note in suit is a part of the indebtedness in fact assumed by Frank Lovejoy; and the plaintiff, as the indorsee and present holder of this note, predicates this action upon the agreement of defendant Howe to assume and pay all the indebtedness of Chesley & Lovejoy which Lovejoy had assumed. It is well settled that a creditor who is within the class whose demands the purchaser of the assets of the debtor agrees to pay and satisfy may maintain an action upon such agreement. *Maxfield* v. *Schwartz,* 43 Minn. 221, (45 N. W. Rep. 429.)

One of the alleged errors, and that chiefly complained of, is that the evidence does not sustain the finding in plaintiff's favor that Howe agreed to pay the indebtedness in question. The evidence is conflicting, but we think there is sufficient in the record to support the finding. The deeds of the real property executed by Lovejoy ran to J. J. Howe, and bore the same date as the contract of dissolution between the parties, and were delivered to him. When the transaction was closed, he was not present, but was represented by an agent, who took charge of the book accounts, which were left by him with Chesley for J. J. Howe & Co.; and some of them, it appears were collected for that firm by Chesley, and the proceeds

received by it. It is insisted that the agent transcended his authority in the premises, but there is evidence in the case tending to show that it was in accordance with the agreement and understanding between Lovejoy and Howe. And, as respects the conflicting statements of Lovejoy and Howe, it may be suggested that it is hardly reasonable to suppose that Lovejoy would surrender to Howe or Howe & Co. all the property of the firm of Chesley & Lovejoy received by him without some satisfactory arrangement indemnifying him against the indebtedness assumed by him. We are of the opinion that the finding of the trial court upon the question under consideration must be affirmed.

The evidence seems to have left it uncertain whether the assignment of the book accounts was in writing; and at the trial, in response to the notice to produce the same, which notice the defendant tacitly admitted had been previously given, they denied that they had any such instrument in their possession, and hence failed to produce the same. The witness Chesley had already stated that it was his recollection that there was an assignment of the accounts by Frank L. Lovejoy in connection with the deeds of the lands, and thereafter he was permitted to testify over defendant's objection, though he could not state absolutely, that they were assigned to Howe. This is in corroboration of what other witnesses testified to. But it is objected here that it was incompetent, because the writing should have been produced. We think that upon the evidence it should be presumed under the circumstances that when the settlement was made and the agreement completed and executed, the assignment, if in writing, was delivered to J. J. Howe & Co. through their agent who represented them at the time, and, as Chesley did not receive the assignment after that time, and it was not delivered to him with the accounts, it must be presumed that the agent retained it for his principals, and that it passed into their custody, and it was for them to account for it; hence the ruling of the court complained of was not error.

Upon the cross-examination the witness Chesley had stated that he thought he "had an impression in respect to the nature of the transfer made to J. J. Howe, an impression that arose from what he heard at that time." The question was then asked by the defendant's counsel, "Will you state what your impression was?" which

question was ruled out by the court. We think the court did not err in this. A witness cannot be permitted to state what the impression left in his mind by a conversation is, unless he swears to such impression as matter of recollection, and not of inference. Whart. Ev. § 514; 1 Greenl. Ev. § 440.

The court does not find specifically that the note was indorsed to the plaintiff, and owned by him, but simply finds generally that the defendant is indebted to the plaintiff in the amount thereof. This was clearly an oversight by the court. The note, duly indorsed, was produced on the trial, and plaintiff's ownership was not questioned, nor the fact litigated at the trial, so that it may be assumed for the purposes of this appeal. *Menzel* v. *Tubbs*, 51 Minn. 364, (53 N. W. Rep. 656.)

The findings of fact are otherwise sufficient under the issues, and the court did not err in refusing in its discretion to find more specifically upon certain questions, as asked by defendants.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 57.)