DAVID C. BELL [1] v. ABBY G. MENDENHALL and Others. [2]

January 26, 1898.

Nos. 10,826—(237).

**Conveyance of Real Estate to Pay Grantor's Debts—Covenant by Grantee to Pay—Enforcement by Creditors of Grantor—Principal and Surety—Extension of Time—Release of Promisor.**

A covenant on the part of the defendant trust company, in consideration of the conveyance to it by its co-defendants of certain real estate, that it would pay all of their debts, not exceeding in the aggregate $130,000, construed, and *held*: (a) That the trust company, as between it and the debtors, thereby became the principal debtor, and obligated itself to pay all of their creditors in full, if the aggregate amount of the debts did not exceed $130,000, but, if it did, then to pay all the creditors on their claims pro rata the sum limited. (b) That the creditors can maintain an action against the trust company on its promise so to pay their claims, but, inasmuch as the amount to be paid is limited, and the amount of the debts uncertain, the trust company is entitled to have any action brought on the promise by a creditor brought for the benefit of all of the creditors, so that all will be bound by the adjudication therein. (c) Neither the fact that a creditor gave to the original debtors an extension of the time in which they were to pay his debt, nor the fact that he recovered judgment, which is unsatisfied, against them for the amount thereof, constitutes any defense to an action on the promise by the trust company to pay the debt.

[1] STEPHEN MAHONEY v. MINNEAPOLIS TRUST COMPANY.

January 26, 1898.

Nos. 10,825—(234).

Appeal by defendant from an order of the district court for Hennepin county, Jamison, J., overruling its demurrer to the complaint. Affirmed.

*W. E. Dodge*, for appellant.

*Stephen Mahoney*, for respondent.

PER CURIAM.

All of the questions involved in this appeal were raised and decided adversely to the appellant in the case of Bell v. Mendenhall, which rules this case.

Order affirmed.

[2] Reported in 73 N. W. 1086.

**Defect of Parties Waived Unless Objection Taken—Demurrer.**

A defect of parties to an action is waived, unless objection is taken by demurrer or answer; and, where a complaint states facts constituting a cause of action, but shows that there is a defect of parties, a demurrer to the effect that the complaint does not state facts constituting a cause of action must be overruled.

Appeal by defendant Minneapolis Trust Company from an order of the district court for Hennepin county, Jamison, J., overruling its demurrer to the complaint. Affirmed.

W. E. Dodge, for appellant.

Harlan P. Roberts and Victor J. Welch, for respondent.

START, C. J.

Appeal by the trust company from an order overruling its demurrer to the complaint, on the sole ground that it does not state facts sufficient to constitute a cause of action.

The here material allegations of the complaint are: That the plaintiff is the receiver of the City Bank, a corporation duly organized, and that the defendant trust company is, and has been for the past five years, a corporation duly organized under the laws of the state of Minnesota. That the City Bank loaned $4,000 to J. H. James and the defendants J. R. and Abby G. Mendenhall on January 1, 1893, and received a promissory note, due in 90 days, for that sum, payable to its order, made by James, upon the back of which the Mendenhalls severally indorsed their respective names before the delivery of the note, for the purpose of giving its additional credit. That this note was renewed from time to time up to January 13, 1896, when a new note was given for $4,000, due in three months, payable to the order of the City Bank, signed by James, and indorsed severally by the Mendenhalls. That on August 5, 1896, the bank recovered judgment upon this last note against the Mendenhalls for $4,021.90, and execution has been returned wholly unsatisfied. That this last note and judgment thereon represent the same indebtedness as the first-named note, no part of which has been paid. That, when this first-described note was made, the Mendenhalls were the owners of a large amount of property in this state free and clear from any incumbrance, and there-

after, and on May 1, 1893, they entered into an agreement with the defendant trust company, a true copy of which is annexed to the complaint, and made a part thereof, wherein the trust company is named as the party of the first part, and the Mendenhalls parties of the second part.

This contract contained the following recitals:

"Whereas, said parties of the second part are the owners of certain real estate hereinafter described, subject to certain mortgages, and, in addition to the indebtedness represented by said mortgages, are indebted to sundry parties in the aggregate sum of one hundred thirty thousand ($130,000.00) dollars, more or less; and whereas, said second parties propose to convey said real estate by good and sufficient deed or deeds to said trust company, in order to enable it to manage said property, and assume full control of same, such conveyances being further intended to secure said first party in the payment of moneys, as hereinafter provided: now, therefore, this agreement witnesseth," etc.

In consideration of the premises and the mutual covenants contained in the agreement, the parties mutually agreed, among other matters, as follows:

"(1) It is hereby mutually agreed that the title to said property shall be held by the said first party for the use and benefit of the second parties, their heirs, executors or administrators, subject to the conditions hereinafter named, which conditions are hereby expressly accepted and consented to by all the parties hereto. (2) Upon the making, executing and delivery by said second parties to said first party of deeds to all of said real estate hereinafter described, the said first party shall, within reasonable time thereafter, or as soon as, under the circumstances, shall be required, (a) pay all of the outstanding indebtedness of said second parties; such payment not to exceed in the aggregate, the sum of one hundred and thirty thousand ($130,000.00) dollars."

The contract also provided for the payment by the trust company of all necessary sums for the care and preservation of the property; and for taxes and interest on the mortgages on the property, and $4,000 a year to the Mendenhalls. It was to receive $1,800 a year for its services, and interest at 7 per cent. per annum for all money so to be paid by it. There were no personal covenants by the Mendenhalls to repay any part of this money so to be paid by the trust

company, but it was authorized to sell the real estate, and reimburse itself from the proceeds of the sale.

The complaint further alleged that the Mendenhalls, at the time of the execution of this agreement, and pursuant thereto, duly conveyed by warranty deed to the trust company the real estate in the agreement described, and duly performed on their part all of the terms thereof; that the trust company accepted the deed, and took possession of the premises so conveyed to it; that no part of the claim of the City Bank against the Mendenhalls has ever been paid; and that the trust company has not paid the debts of the Mendenhalls, as provided in such agreement, to any amount exceeding $100,000. The complaint prays for a personal judgment against the trust company for the amount of the bank's debt.

1. The first claim made by the trust company in support of its demurrer is:

"The agreement in question created an open trust, and no action at law can be maintained by the cestui que trust, or by any person interested in the administration of the trust, so long as it remains open. The exclusive remedy, if any, is in equity."

Inasmuch as we have only one form of action, and the same court possesses both law and equitable jurisdiction, and may administer legal remedies or grant equitable relief, or both, in the same action, as the facts may require, it is not a ground of demurrer that the facts alleged do not constitute an action at law, but do show that the plaintiff's exclusive remedy is in equity. Hence, if the facts alleged in the complaint show that the plaintiff is entitled to recover any sum, or is entitled to any relief against the trust company, the complaint states a cause of action.

We are to inquire, then, whether the facts alleged show that the plaintiff is entitled to recover any sum of money, or entitled to any equitable relief. This question involves a construction of the agreement referred to, so far as it affects creditors. So far as the creditors of the Mendenhalls are concerned, there is no trust to be settled. The covenant on the part of the trust company to pay their debts not exceeding $130,000 is not contingent on realizing the amount from the real estate conveyed to the trust company, but it

is an absolute promise to pay the creditors their claims to the aggregate amount named. This covenant is clearly and concisely expressed, and there can be no uncertainty as to its meaning. The trust company, in consideration of the Mendenhalls conveying to it a large amount of real estate, which their creditors equitably had the right to subject to the payment of their debts against the grantors, promised to pay such debts. This is not a collateral or contingent promise, nor one in which the trust company is a guarantor or surety for the payment of the debts, but an original promise upon a new and independent consideration, moving directly from the debtors to the promisor. Goetz v. Foos, 14 Minn. 196 (265); Sullivan v. Murphy, 23 Minn. 6.

Such being the nature of the promise, and such its consideration, the promise falls within the rule that where a debtor transfers property to a third party, who, in consideration thereof, promises to pay all of the grantor's creditors, the latter may severally maintain an action against the grantee upon the promise, whether specifically named or not, for they severally belong to the class intended to be benefited by the promise. Sanders v. Classon, 13 Minn. 352 (379); Jordan v. White, 20 Minn. 77 (91); Sullivan v. Murphy, 23 Minn. 6; Follansbee v. Johnson, 28 Minn. 311, 9 N. W. 882; Sherin v. Larson, 28 Minn. 523, 11 N. W. 70; Maxfield v. Schwartz, 43 Minn. 221, 45 N. W. 429; Lovejoy v. Howe, 55 Minn. 353, 57 N. W. 57.

Now, if the covenant in question had been to pay all of the debts of the Mendenhalls without limitation, each creditor could maintain an action on the promise to recover the full amount of his claim. But the promise contains the limitation to the effect that the trust company will pay all the creditors of the grantors not exceeding $130,000. This promise is for the equal and ratable benefit of all of the creditors. If the debts exceed $130,000, the trust company cannot pay in full the creditors in the order in which demand is made, and, when the limit is reached, turn the balance of the creditors away empty-handed; for its duty is to pay all in full, if their aggregate claims do not exceed the limit, but, if they do, then to pay each creditor his pro rata share. It is a matter of uncertainty whether the debts do or do not exceed the limit. This is a

question which the trust company has the equitable right, if properly asserted, to have determined in an action to which all parties interested in the enforcement of its promise are or may become parties, and be bound by the adjudication therein. Such parties are the trust company, the debtors, and their creditors.

The case is similar in principle to one where a limited fund is to be distributed ratably to the creditors, the amount of whose claims are uncertain, and may be more or less than the amount of the fund. In such a case, no one creditor can maintain an action for his exclusive benefit for the satisfaction of his demand from the fund, for the fund can only be distributed by an exercise of the equitable powers of the court, in an action to which all persons interested in the fund are, or may become, if they so elect, parties. It follows that this action ought to have been brought on behalf of all of the creditors of the Mendenhalls, and notice given to all creditors to exhibit their claims, and become parties to the action.

The complaint shows on its face that there is a defect of parties, but it also shows upon its face that plaintiff is entitled to some relief, and to a payment of his claim, in whole or in part, by the trust company, by virtue of its covenant to pay all of the creditors of the Mendenhalls not exceeding the limitation. It therefore states a cause of action. If the trust company elects to proceed with the action without having the proper parties before the court, by raising the question by demurrer or answer, the objection is waived. The demurrer in this case is simply that the complaint does not state facts sufficient to constitute a cause of action, but this does not reach the objection that there is a defect of parties.

2. The trust company further urges that it appears on the face of the complaint that the plaintiff's claim was not a debt of the Mendenhalls existing at the time the covenant was made, because it appears that they were merely sureties for James' debt as between him and them. We need not stop to discuss or decide upon the merits of this supposed claim, for there is no basis for it in the allegations of the complaint, one of which is to the effect that plaintiff's original claim was for money loaned to the Mendenhalls and James. All of them had the benefit of the consideration, and all were principals on the note.

3. It is further claimed that the trust company was released from its obligation to pay the plaintiff's claim by the several renewals of the note and extensions of time given to the Mendenhalls in which to pay the debt, and, further, that the debt is merged in the judgment against the original debtors, which it is not bound to pay. The short answer to these claims is that the plaintiff has never obtained satisfaction of his debt from any one. The liability of the trust company to pay the debt of the plaintiff arises from an original and independent promise, and, as between it and the Mendenhalls, it became the principal debtor. Guderian v. Leland, 61 Minn. 67, 63 N. W. 175. The trust company, then, not being a surety, cannot be prejudiced by the creditor pursuing his remedy against the original debtors upon their promise to pay. Its original and separate promise to pay the debt remains intact until the plaintiff obtains satisfaction of the debt. It is not bound to pay the costs on the judgment, but the debt represented by it. The plaintiff may maintain a separate action upon each promise at the same or different times, for such remedies are consistent and concurrent. Barnes v. Hekla, 56 Minn. 38, 57 N. W. 314.

4. The last contention is that the covenant in question is ultra vires of the trust company. As the complaint simply alleges that it is a corporation organized under the laws of this state, it does not appear on the face of the complaint what its powers are; hence, it does not appear that the covenant is ultra vires.

Order affirmed.