## McARTHUR v. McCOY.

Under Rev. Code Civ. Proc. § 64, providing that an action for a balance due upon an open account, where there have been reciprocal demands, the cause of action accrues from the date of the last item proved on either side, an account consisting entirely of charges on one side and a payment on account on the other is not such a mutual account as the statute contemplates, so as to accrue from the date of the last item and to prevent a bar by limitations.

(Opinion filed, May 29, 1907.)

Appeal from Circuit Court, Brown County. Hon. J. H. McCoy, Judge.

Action by Fred J. McArthur, successor, etc., against E. F. McCoy. From a judgment for plaintiff, defendant appeals. Reversed.

*L. W. Crofoot,* for appellant.

An account, which consists entirely of charges upon one side, and credit for cash payment on the other, is not "an open, mutual and current account where there have been reciprocal demands between the parties," within the meaning of the statute. Green v. Disbrow, 79 N. Y. 1; Weatherwax v. Consumnes V. Mill Co., 17 Cal. 351; Norton v. Larco, 30 Cal. 132; Adams v. Blinn, 35 Cal. 122; Taylor v. Parker, 17 Minn. 469; Hannan v. Engleman, 49 Wis. 278, 283; Fitzpatrick v. Estate of Phelan, 58 Wis. 250; Butler v. Kirby, 53 Wis. 188; Ford v. Clark, 72 Ga. 760; Gunn v. Gunn, 74 Ga. 555; Lark v. Cheatham, 80 Ga. 1; Prenatt v. Runyan, 12 Ind. 174; Perrell v. Nichols, 89 Ind. 444; Lowber v. Smith, 7 Pa. St. 381; Adams v. Carroll, 85 Pa. St. 209; Ingram v. Sherard, 17 S. & R. 347; Mattem v. McDivitt, 6 Atl. Rep. 83.

*Taubman, Williamson & Herried,* for respondent.

There is no evidence, and the record is silent on whether or not any objection was made to these items, hence it would become an account stated: Note in Vanbebber v. Plunkett, 27 L. R. A. 821. Credit will be implied when the seller makes delivery without insisting on payment, and in such a case the buyer has reasonable time after demand is made in which to tender payment. 19 Enc. of Law, 2d Ed., 196. Where a demand is essential to effect a cause of action, the statute of limitation will not commence to run until the demand is made. A debt due upon a continuous account of book entries made in the ordinary course of dealing is entire. It cannot, without agreement to that effect, be split into separate and distinct demands so as to form the cause of several suits. This was one entire account, and in view of the testimony became an account stated after the date of the sale of the last items, when the account was sent to the defendant. 1st Enc. Pleading & Practice, 153.

FULLER, P. J. This action was commenced on the 17th day of August, 1903, to recover the amount of the following items of account, less $22 paid and credited thereon September 7, 1896:

| 1896 | Jul. 28. | To one Harvester King Header ........$127.00 |
| | Jul. 29. | Setting up header ..................... 3.00 |
| | Dec. 22. | Expense of man and team trying to collect |
| | | George B. Daley's note, at request of E. |
| | | F. McCoy ....................... 2.50 |
| 1897 | May 3. | One C. 486 ......................... .50 |
| | Aug. 18. | One 1460 ........................... 1.00 |
| | | One 1062 ........................... .60 |

$134.60

The only point saved for review and relied upon to reverse respondent's judgment for all that he claimed in the complaint is that the entire amount, except the two items charged August 18, 1897, was barred by the six-year statutory limitation. As respondent testified in effect that he sold the machinery on a cash basis, and refused to take a note in settlement therefor and sent a bill with repairs when shipped, there is no merit in the contention of his counsel that the statute has not run because indefinite credit was extended and payment has not been demanded. That the account is mutual, open, and current, showing reciprocal demands between the parties, and that the cause of action did not accrue before the date of the last two items of $1.60, is the theory upon which the jury was thus instructed: "Some testimony has been given in this case in regard to the statute of limitations—that is, whether the account of the plaintiff is outlawed or not—and the court instructs the jury in this connection that the court is of the opinion, as a matter of law, from the undisputed evidence in this case, that the account is not outlawed, or, as the lawyers say, it is not barred by the statute of limitations."

It being conceded that the partial payment of $22 was made about seven years prior to the commencement of the action, and that respondent was entitled to recover for the last two items because the action was commenced one day before the expiration of six years from their date, the controlling question of law to be determined is whether the purchase at that time operated to bring all the other items within the six-year limitation by virtue of the following statutory provision: "In an action brought to recover

a balance due upon a mutual, open, and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item proved in the account on either side." Section 64, Rev. Code Civ. Proc. This doctrine emanated from the courts of equity where the view was entertained that every item of a mutual account in the nature of a reciprocal demand was an admission of an unsettled course of dealing between the parties, but it was not held applicable to a case like the one before us. The history of the rule that seems to prevail with or without a statute is given in Bouvier's Law Dictionary, and the practice thereunder is thus exemplified: "Where the items of account are all on one side, as between a shop-keeper and his customer, and where goods are charged and payments credited, there is no mutuality, and the statute bars the account." In the case of Boylan v. Steam Boat Victory, 40 Mo. 245, Angel on Limitation of Actions is cited in support of the following: "The true rule is held to be that where there are mutual charges and transactions, reciprocal demands between the parties, so that it is uncertain on which side the balance will fall, as it is constantly fluctuating, then each item of the other party is an admission, an implied agreement for the continuance of the account. It is this agreement implied which constitutes mutual accounts, in which the last item in the mutual form draws with it the prior current items and prevents the statute running against them. If, however, the account is wholly on one side, charges of one only, against the other, this doctrine does not and cannot apply, and only such bills can be enforced as are in point of time within the period limited." Construing a statute precisely the same as our own, the California court said: "Where one party is selling the other goods from time to time, and charging the same, and the other gives him money which he credits on the account as a payment, this credit does not make the account a mutual one within the meaning of the eighteenth section of the Statute of Limitations." In construing statutes less favorable to the view than our own, it is uniformly held that mutual accounts and reciprocal demands are such only as may be made the basis of an action by the respective parties and do not include entries on the

credit side of payments made, and that the statute is a bar except as to items of indebtedness within six years. "To constitute mutual accounts, there must be mutual demands. Each party must have a demand or right of action against the other. The exception in the statute of limitations in favor of mutual accounts has no application when the demand is altogether on one side, although payments on account have been made." Adams v. Carroll, 85 Pa. 209. Graver v. Fehr (Pa.) 6 Atl. 80; Gold v. Whitcomb, 14 Pick. (Mass.) 188; Perrill v. Nichols, 89 Ind. 444; Fitzpatrick v. Phelan, 16 N. W. 606, 58 Wis. 250; Maxfield v. Schwartz, 45 N. W. 429, 43 Minn. 221; Lark v. Cheatham, 80 Ga. 1, 5 S. E. 290; Thompson v. Reed, 48 Ill. 118; In re Gardner, 103 N. Y. 533, 9 N. E. 306; In re Hiscock's Estate, 44 N. W. 947, 79 Mich. 537; Parker v. Schwartz, 136 Mass. 30; Warren v. Sweeney, 4 Nev. 101; Kimball v. Brown, 7 Wend. (N. Y.) 322. As the plain purpose of our Legislature was to except from the six-year statutory bar, made applicable to all contractual obligations express or implied, only mutual accounts containing reciprocal demands between the parties, the important prerequisite is a condition of mutuality and reciprocity of dealing sufficient to reasonably justify the inference of an understanding between the parties that the items of one account are to be set off against the items of the other account, so far as they go, and such is not this case.

It follows that respondent was only entitled to recover for the items aggregating $1.60 dated August 18, 1897, and for which appellant consented to judgment. All previous items were barred when the action was commenced and the judgment appealed from is reversed.

CORSON, J., not sitting.