**Frances ORTIZ, as trustee and next of kin and guardian of the heirs of Israel Ortiz, deceased, Appellant,**

v.

**Bryan Lee GAVENDA, et al., Respondents.**

No. C5–97–1427.

Court of Appeals of Minnesota.

March 3, 1998.

Review Granted April 30, 1998.

Paul J. Phelps, Sawicki, Neese & Phelps, P.A., Woodbury, for Appellant.

D. Scott Ballou, Leo I. Brisbois, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for Respondents.

Considered and decided by WILLIS, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

This appeal challenges the district court's dismissal of a wrongful death action for lack of subject matter jurisdiction and its denial of a motion to amend the pleadings so that the appointment of the decedent's wife as trustee related back to the date of her original complaint under Minn.Stat. § 573.02 (1996). We reverse and remand.

## FACTS

Israel Ortiz died on December 11, 1993, from injuries sustained on September 24, 1993, when his motorcycle collided with a truck. The truck, owned by Frito Lay, Inc., was driven by Bryan Gavenda. Ortiz's widow, Frances Ortiz (Ortiz), served Bryan Gavenda and Frito Lay (collectively "Gavenda") with a complaint in early June 1995 asserting a wrongful death claim. In the answer, served by mail on June 8, 1995, Gavenda alleged that Ortiz "failed to comply with the provisions of Chapter 573 of Minnesota Statutes."

On January 14, 1997, Gavenda filed a motion to dismiss for lack of subject matter jurisdiction because Ortiz had not been properly appointed trustee as required by Minn. Stat. § 573.02. Although Ortiz executed a Consent and Oath to perform trustee duties for the heirs of the decedent on November 15, 1995, this document was not filed with the court until January 8, 1997. On that day, Ortiz also filed a Petition for the Appointment of Trustee for the Next of Kin of Israel Ortiz, Deceased, as required to perfect her appointment. An order appointing Ortiz as trustee was filed on January 16, 1997. On February 10, 1997, Ortiz moved to amend her complaint under Minn. R. Civ. P. 15.01 and 17.01 so her trustee appointment would "relate back" to her original complaint. She also asked the court to deny Gavenda's motion to dismiss. The district court granted

Gavenda's motion to dismiss for lack of subject matter jurisdiction and denied Ortiz's motion to amend her complaint. Ortiz now appeals.

## ISSUES

I. Did the district court lack subject matter jurisdiction over a wrongful death action when the plaintiff brought suit as next-of-kin rather than as trustee and did not move to amend the complaint until after the statute of limitations had run?

II. Do Minn. R. Civ. P. 15.01 and 17.01 permit an amendment to substitute the plaintiff in her capacity as trustee instead of next-of-kin after the statute of limitations has run in a wrongful death action?

## ANALYSIS

### I

Dismissal of an action for lack of subject matter jurisdiction is a question of law. A reviewing court is not bound by and need not give deference to the district's determination of a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utilities Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984). Legal issues are subject to de novo review. *Equitable Life Assurance Soc'y v. County of Ramsey,* 530 N.W.2d 544, 552 (Minn.1995).

As a prerequisite to filing a wrongful death action, the surviving spouse or one of the next of kin must petition the court to appoint a trustee for the decedent's estate:

Subd. 1. When death is caused by the wrongful act or omission of any person or corporation, *the trustee appointed as provided in subdivision 3* may maintain an action therefor if the decedent might have maintained an action, had the decedent lived, for an injury caused by the wrongful act or omission. * * *

\*     \*     \*     \*     \*     \*

Subd. 3. Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions

1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties, shall file a consent and oath.

Minn.Stat. § 573.02, subds. 1, 3 (1996) (emphasis added). Because the right to maintain a wrongful death claim is purely statutory, courts traditionally applied a strict interpretation to the requirements for bringing suit. *Beck v. Groe,* 245 Minn. 28, 34, 70 N.W.2d 886, 891 (1955); *Cashman v. Hedberg,* 215 Minn. 463, 465, 10 N.W.2d 388, 390 (1943); *Rugland v. Anderson,* 30 Minn. 386, 386, 15 N.W. 676, 676 (1883).

In dismissing Ortiz's wrongful death action for lack of subject matter jurisdiction, the district court followed this strict approach and concluded that equity could not apply to extend the limitations period. Citing *Regie de l'assurance Auto. du Quebec v. Jensen,* 399 N.W.2d 85 (Minn.1987), the court dismissed the action because Ortiz "had not been duly appointed trustee by the court" within the three-year limitations period. The Supreme Court noted in *Regie* that the proper appointment of the trustee is a condition precedent to a successful wrongful death action in Minnesota. *Id.* at 91. The court also noted that a valid cause of action does not exist until initiated by a properly appointed trustee, and when such an action is not brought within the limitations period, there is no pleading or action to which an attempted amendment can relate back. *Id.*

Applying *Regie* as dispositive of this case, however, ignores a critical factual distinction. In *Regie,* no wrongful death action was brought within the three-year limitations period provided by statute. *Id.* at 90. The plaintiff, an insurance company, attempted to substitute a wrongful death action for its original equitable subrogation action more than two years after the expiration of the original limitations period. *Id.* at 88. Ortiz's wrongful death action was brought within the three-year period, but it was brought in the name of the decedent's widow and children in their individual capacities as next of kin and not by the widow as decedent's duly appointed trustee.

Gavenda argues the rationale of *Regie* still applies to defeat subject matter jurisdiction

because the decedent's widow and children had only a statutory, not a common law, right to bring the wrongful death action. Thus, because the appointment of the widow as trustee did not occur until after the statute of limitations had run, Gavenda argues that no action existed to which the amended pleading could relate back. Although this argument has a basis in law, we think it is too technical an application of the limitations period.

The purpose of the limitations period is to prevent stale claims and protect litigants who have not had notice of a pending lawsuit. In this case, Gavenda had ample notice of Ortiz's wrongful death claim. Ortiz filed suit on June 6, 1995. Gavenda answered two days later, on June 8, 1995. The answer contained a general reference to Ortiz's failure "to comply with the provisions of Chapter 573 of the Minnesota Statutes," but did not raise specifically the issue of Ortiz's failure to bring the action as trustee. In June 1996, Gavenda filed a motion for summary judgment under Minn. R. Civ. P. 56, which the court denied. In October 1996, the parties stipulated and agreed to separate trials on the issues of liability and damages. Gavenda's specific objection to Ortiz's failure to bring the action as trustee was first made in a motion to dismiss for lack of subject matter jurisdiction filed on January 14, 1997, about one month after the limitations period expired on December 11, 1996.

■ The delay in making the specific objection is particularly significant on these facts because Ortiz's failure to obtain her trustee appointment within the limitations period is more an issue of capacity to sue than an issue of subject matter jurisdiction. Unlike subject matter jurisdiction, which may be challenged at any time, the right to challenge capacity to sue is waived if it is not timely asserted. *See Risvold v. Gustafson,* 209 Minn. 357, 361, 296 N.W. 411, 413 (1941) (corporation's right to sue should have been pleaded); *Lehigh Valley Coal Co. v. Gilmore,* 93 Minn. 432, 434, 101 N.W. 796, 797 (1904) (when plaintiff corporation's lack of capacity does not appear on face of complaint, defendant's objection must be raised in the answer); *Cochrane v. Tudor Oaks Condominium Project,* 529 N.W.2d 429, 433–34 (Minn.

App.1995) (unlike subject matter jurisdiction and standing, the right to challenge capacity is waived if not timely asserted), *review denied* (Minn. May 31, 1995).

Minnesota courts have long recognized that a defendant must make a specific objection to a plaintiff's capacity to sue via answer or motion to dismiss before trial. *Cochrane,* 529 N.W.2d at 433–36. Gavenda claims to have raised the issue in the June 1995 answer to Ortiz's wrongful death complaint. The answer, which states Ortiz "failed to comply with the provisions of Chapter 573 of Minnesota Statues," is a general denial that does not address the issue of legal capacity. *See Dalsgaard v. Meierding,* 140 Minn. 388, 390–91, 168 N.W. 584, 585 (1918) (by responding to merits of negligence action, defendant waived his objection to plaintiff's lack of legal capacity due to infancy); *Miller v. Maier,* 136 Minn. 231, 235, 161 N.W. 513, 515 (1917) (not sufficient to raise issue of capacity to sue after trial based on a general denial); *Bell v. Mendenhall,* 71 Minn. 331, 336, 73 N.W. 1086, 1087 (1898) (general demurrer that complaint does not state facts sufficient to constitute a cause of action does not reach issue of defect of parties). Even though the specific objection was ultimately made before the date of the reset trial, the existence of elements of waiver further distinguish the facts in this case from the facts in *Regie.*

## II

■ A district court's denial of a motion to amend a complaint will not be reversed absent a clear abuse of discretion. *Utecht v. Shopko Dep't Store,* 324 N.W.2d 652, 654 (Minn.1982). After service of responsive pleadings, a party may amend its own pleading by leave of the court or by the adverse party's written consent. Minn. R. Civ. P. 15.01. While the district court "should freely grant motions to amend when justice requires," such amendments "may properly be denied when the additional alleged claim cannot be maintained." *Hunt v. University of Minnesota,* 465 N.W.2d 88, 95 (Minn.App. 1991). Under Minn. R. Civ. P. 17.01, courts must allow a reasonable time for joinder or substitution of the real party in interest before dismissing a case on the ground it is not prosecuted in the name of the real party in interest. Determination of the real party in interest is a question of fact, *Boulevard Plaza Corp. v. Campbell,* 254 Minn. 123, 136, 94 N.W.2d 273, 283–84 (1959), and will not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01.

■ Whether Rules 15 and 17 allow a person who brings a wrongful death action without having legal capacity to sue to be replaced after the limitations period by an entity who has legal capacity is a close question. We disagree with respondent's contention, based on *Regie,* that jurisdictions always deny relation back under Rules 15 and 17 when the limitations period is a condition precedent. The *Regie* opinion cites just three cases to support this assertion—*General Motors v. Arnett,* 418 N.E.2d 546 (Ind. App.1981); *Richard v. Slate,* 239 Or. 164, 396 P.2d 900 (1964); and *Schilling v. Chicago, N. Shore & Milwaukee R.R. Co.,* 245 Wis. 173, 13 N.W.2d 594 (1944). *Regie,* 399 N.W.2d at 91. These cases, however, do not support such a sweeping statement. For example, in a footnote to the *Regie* opinion, the supreme court notes that *Richard* "in part at least" was legislatively overruled. *Id.* at n. 11. Moreover, while *General Motors* mirrors *Regie,* Indiana's appellate courts are split on this issue. *See South v. White River Farm Bureau Co-Op,* 639 N.E.2d 671, 674 (Ind. App.1994) (discussing split of authority as to whether plaintiffs may amend pleadings to reflect a change in legal capacity after statute of limitations has run).

Federal courts have recognized that a wrongful-death plaintiff's capacity to bring suit does not defeat a relation-back argument. *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 612–14 (4th Cir.1980) (relation back governed by and allowed under federal law); *Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 416 (8th Cir.1967) ("the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure"); *Brohan on Behalf of Brohan v. Volkswagen Mfg. Corp. of America,* 97 F.R.D. 46, 49 (E.D.N.Y.1983) (wrongful death plaintiff's lateness in obtaining and pleading her appointment as executrix is the kind of technical mistake apparently contemplated by Federal Rule 17(a)); *Holmes v. Pennsylvania New York Cent. Transp. Co.,* 48

F.R.D. 449, 452 (N.D.Ind.1969) (federal rules of civil procedure control the relation back issue when wrongful death plaintiff was not appointed personal representative within the limitations period required under Indiana law). *But see Daniels v. USS Agri–Chemicals, a Div. of U.S. Diversified Group,* 965 F.2d 376, 380 (7th Cir.1992) (declining to determine whether Rule 15(c) allows relation back when limitations period is condition precedent because plaintiff fulfilled required conditions.)

In keeping with the trend among federal courts, a number of state court decisions have abandoned the condition-precedent analysis for a more flexible approach that allows relation back under state procedural rules. *Childs v. Rayburn,* 169 Ind.App. 147, 346 N.E.2d 655, 661–62 (1976) (limitations period for wrongful death actions does not prohibit substitution of guardian as the real party in interest); *Chavez v. Regents of the Univ. of New Mexico,* 103 N.M. 606, 711 P.2d 883, 886 (1985) (view that relation back is not permitted under Rule 15(c) because appointment of the personal representative is jurisdictional is "unnecessarily restrictive").

Several states have amended their wrongful death statutes to ensure relation back under state procedural rules. *See Burcl v. North Carolina Baptist Hosp., Inc.,* 306 N.C. 214, 293 S.E.2d 85, 88 n. 4 (1982) (discussing change from condition precedent to general limitations period); *Rennie v. Pozzi,* 294 Or. 334, 656 P.2d 934, 940 (1982) (Or.Rev.Stat. § 114.255, enacted as part of a major revision to Oregon's probate code, provides that plaintiff's appointment as personal representative after the expiration of the limitations period relates back to original filing); *Thomas v. Grayson,* 318 S.C. 82, 456 S.E.2d 377, 379 (1995) (legislative changes moved the limitations period for wrongful death claims to the state's general statute of limitations indicating appointment is no longer a condition precedent).

Minnesota cases also reflect the general principle that a plaintiff's capacity to bring suit does not defeat a relation-back argument. *See Grothe v. Shaffer,* 305 Minn. 17, 21, 232 N.W.2d 227, 230–31 (1975) (Minn. R. Civ. P. 15.03 allows amendment adding a plaintiff after statute of limitations has run); *McCormick v. Robinson,* 139 Minn. 483, 489,

167 N.W. 271, 272–73 (1918) (amendment that continues an action against a defendant in a different capacity will date from the time of the original action, regardless of when made); *see also Kanter v. Metropolitan Med. Ctr.,* 384 N.W.2d 914 (Minn.App.1986) (Rules 17.01 and 15.03 allow decedent's parents to change named plaintiff in wrongful death complaint to trustee after limitations period ran).

Most significantly, the supreme court has recognized the modern trend of applying other procedural concepts to the requirements for bringing suit under Minn.Stat. § 573.02. *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45, 52 (Minn.1982). In *DeCosse,* the supreme court held that the wrongful death statute is subject to tolling when a cause of action is fraudulently concealed. *Id.* Recognizing the existing line of cases in which courts strictly construed the requirements for bringing suit under Minnesota's wrongful death statute, the court reasoned that it was not encroaching upon the legislative function but merely applying a "generally accepted, judicially enacted tolling doctrine to the wrongful death act." *Id.* at 50.

In a footnote to *Regie,* the court characterized *DeCosse* as the "sole exception" to a long line of cases holding the limitations period to be a condition precedent and limited its holding to situations in which defendants have fraudulently concealed the cause of death. *Regie,* 399 N.W.2d at 91 n. 10. While we recognize this limitation, the *DeCosse* exception is significant to this case because it reflects the court's efforts to interpret the wrongful death statute in light of its remedial purpose. *See Bonhiver v. Fugelso, Porter, Simich and Whiteman, Inc.,* 355 N.W.2d 138, 141 (Minn.1984) (prerequisites to bringing wrongful death action are generally strictly construed, but remedial provisions should be liberally construed); *Shumway v. Nelson,* 259 Minn. 319, 322, 107 N.W.2d 531, 533 (1961) (wrongful death statute "is remedial in character and thus requires a liberal construction."); *Fussner v. Andert,* 261 Minn. 347, 354, 113 N.W.2d 355, 359 (1961) (wrongful death statute is remedial in character and "it is the court's duty to construe it liberally in light of current social conditions"). *DeCosse* also addresses the policy implications

of the limitations period. Policy considerations support allowing relation back in cases such as this, when the defendants had ample notice of the pending lawsuit and entered into substantial discussions and an agreement on the conduct of the trial before raising the issue of the plaintiff's capacity to sue.

Our analysis is consistent with the rationale for the real-party-in-interest rule and the relation-back doctrine. As the only party with standing to maintain a wrongful death claim, the trustee is also, *at least to some* extent, the "real party in interest." *Kolles v. Ross,* 418 N.W.2d 733, 738 (Minn.App.1988); *see also Loegering v. Todd County,* 185 F.Supp. 134, 136 (D.Minn.1960), *aff'd,* 297 F.2d 470 (8th Cir.1961). If, as Gavenda contends, the trustee is the only party who has *standing* to bring a wrongful death action, it does not make sense to deny Ortiz's attempt to substitute herself as trustee under Rule 17.01. The real-party-in-interest rule is intended to prevent forfeiture in cases such as this, when there has been an honest mistake in choosing the party in whose name the action is to be filed. *See* Notes of the Advisory Committee on the 1966 Amendments to Rule 17.03 of the Federal Rules of Civil Procedure; *see also Crowder,* 387 F.2d at 418 (Rules 15(c) and 17 "clearly are designed to and in fact do cover" situation in which wrongful death plaintiff brings action in wrong capacity and attempts to amend complaint after limitations period has run).

## DECISION

Ortiz's motion to amend her wrongful death complaint so her appointment as trustee of her husband's estate relates back to the date of her original complaint is not barred by the statute of limitations. Her amendment is based on the same facts and the same cause of action as her initial complaint. As the properly appointed trustee, she is the real party in interest. There is no showing Gavenda will be prejudiced as a result of Ortiz's amended pleading.

**Reversed and remanded.**