HENRY KOHLER, Respondent, *v.* JOHN G. SMITH,
Appellant.

Moneys after they become due, bear interest at the rate agreed upon in the written contract, although nothing be expressly said about interest after maturity. Where no rate is agreed upon, the Statute rate—10 per cent.—takes effect.

APPEAL from the Tenth Judicial District.

The cause was tried by the Court without a jury; from whose judgment defendant appealed.

The plaintiff produced in evidence a promissory note from defendant to Daniel Olds, dated January 1st, 1851, payable two months after date, for $1000, with interest at the rate of eight per cent. per month; which was indorsed by Olds to the plaintiff. The plaintiff indorsed upon the note as follows:—"The within note is to run at the rate of five per cent. interest in place of eight per cent. per month.   Jan. 15, 1851.

(Signed)     Henry Kohler."

The only question considered in the case was, whether the note was chargeable with interest at the rate of five per cent., *after it became due.* Another point raised, as will be seen by the opinion of the Court, was not considered.

*Fields,* for appellant.
*McCarty* and *Levezy,* for respondent.

HEYDENFELDT, Justice, delivered the opinion of the Court; with which MURRAY, Chief Justice, concurred.

The appellant complains, that he was charged with interest upon his note at the rate of five per cent. a month after it became due; and contends that his contract was only for that rate from the time he made the note up to its maturity; the act of 1850 gives interest at the rate of 10 per cent. a year for all moneys after they become due,—"where there is no express contract in writing fixing a different rate of interest."

This language is very explicit, and shows that the intention of the act was two-fold; first, that money demands after maturity should draw interest; and second, that they should draw interest

at whatever rate was expressed in the written contract, notwithstanding that nothing is said expressly about interest after maturity.    And it is only where no rate is agreed on, that the statute rate takes effect.    This construction is strengthened by the 2d section of the act which requires judgments on such contracts to "bear the interest agreed upon by the parties."

The other point made cannot properly be considered.    It relates to the effect which the decision below has on the interest of a third party, who is not a party to the suit, nor in any manner before the Court.

The judgment is affirmed with costs.