[No. 12197.   Department One. — December 18, 1889.]

THOMAS MORAN, RESPONDENT, v. JOHANNE
GARDEMEYER ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS — ALLOWANCE OF CLAIM SECURED BY
MORTGAGE — FORECLOSURE — COSTS AND COUNSEL FEES. — A claim
against a decedent secured by mortgage may be presented and allowed
so as to prevent the debt from being barred and the mortgage extinguished
by limitation, and such presentation and allowance does not preclude a
subsequent action for the foreclosure of the mortgage, in which the estate
may be subjected to costs and counsel fees. When the mortgage pro-
vides for counsel fees in case of foreclosure, it is in the discretion of the
court to make such allowance of counsel fees as is, in its judgment, rea-
sonable and just, without regard to the amount or percentage specified
in the mortgage.

ID. — ALLOWANCE OF CLAIM AS UNSECURED — MORTGAGE SECURING FUTURE
ADVANCES — PURCHASE OF NOTE INDORSED BY MORTGAGOR. — A claim
against the mortgagor as indorser of the note of a third party, which was
purchased by the mortgagee from the mortgagor, and which has been
regularly presented and allowed as an unsecured claim against the estate
of the deceased mortgagor, cannot be foreclosed, in whole or in part, as
a claim under the terms of the mortgage for "further advances to the
mortgagor by the mortgagee, and other indebtedness to the mortgagor
by the mortgagee that may exist, arise, or be contracted before the sat-
isfaction hereof," not exceeding a certain sum. Such terms do not, by
fair construction, authorize the mortgagee to buy up notes of third par-
ties upon which the mortgagor was a simple indorser, and hold the same
as secured by the mortgage.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Naphtaly, Freidenrich & Ackerman*, for Appellants.

*A. M. Rosborough*, and *George M. Shaw*, for Respond-
ent.

Fox, J.—This is an action by a mortgagee against the
executors of a mortgagor for foreclosure. December 29,
1882, Johanne C. F. Gardemeyer, otherwise called and
usually writing his name Christian Gardemeyer, made
to plaintiff his promissory note for three thousand dol-

lars, due two years after date, with interest at the rate of nine per cent per annum, payable semi-annually, and if the principal or interest was not paid at maturity, then the same was to bear interest at the rate of one per cent per month until paid. To secure the payment of this note according to the terms thereof, he, at the same time, made and executed to plaintiff a mortgage of certain real estate situate in the county of Alameda, which was duly acknowledged and recorded. This mortgage expressed on its face that it was to be security not only for the promissory note aforesaid, but also "for all further advances to the mortgagor by the mortgagee, and other indebtedness to the mortgagor by the mortgagee that may exist, arise, or be contracted before the satisfaction hereof, such further advances and indebtedness not to exceed the sum of five hundred dollars, exclusive of interest."

Nothing was ever paid on the said promissory note, except the interest to December 28, 1884.

According to the allegations of the complaint, on the 11th of October, 1884, one P. D. Gardemeyer made his promissory note payable to the order of the mortgagor above named, for the sum of $750, due one day after date, with interest at seven per cent per month from date until paid; that on the 22d of November, 1884, the mortgagor, holder of said note, indorsed and transferred the same to plaintiff, and that no part thereof, principal or interest, has been paid. It further appears that on the twenty-fifth day of May, 1885, the mortgagor died, and in due course his will was admitted to probate, and three of the defendants herein were appointed and qualified as executors thereof. The other defendants are minor heirs of the deceased, and devisees under his will.

In due course the plaintiff presented his claim upon both these notes to the executors for allowance, and both were allowed and approved by the executors, and by the court in probate. The claim as presented particularly

specified that the first-named note was secured by the mortgage above referred to, reciting it by date and place of record, but as to the second-named note the claim so presented did not make any pretense that it was secured, or that any part of it was secured, or claimed to be secured, by said mortgage or otherwise.

The mortgage provided, among other things, that in case of foreclosure there should be allowed, and secured by the mortgage, a counsel fee of one hundred dollars, and five per cent upon the amount found due.

The complaint was in two counts, the first upon the note for three thousand dollars, and the second upon the note of P. D. Gardemeyer, so indorsed to plaintiff as aforesaid, and claiming that as to five hundred dollars of said last-named note, and the interest on said five hundred dollars at the rate of seven per cent per month, it was secured by said mortgage. Each count was full and complete as to form, and each count averred that one hundred dollars, and five per cent upon the amount of the judgment, was a reasonable amount to be allowed to plaintiff as counsel fee in the case. The prayer was that plaintiff recover judgment for the sum of three thousand dollars, with interest thereon at the rate of one per cent per month from December 28, 1884, interest payable semi-annually, with interest upon unpaid installments of interest at one per cent per month; also, for the sum of five hundred dollars, with interest thereon at the rate of seven per cent per month from October 11, 1884, and for the sum of one hundred dollars and five per cent upon the amount of the judgment as counsel fee, and costs of suit, and for a decree of foreclosure in the usual form, directing that the mortgaged property be sold for the payment of such judgment, etc.

To this complaint and each count thereof separately the defendants demurred; the demurrer was overruled, the executors made default for want of answer, — the minor heirs answered by their guardian *ad litem,* deny-

ing all the allegations of the complaint except as to their own *status* to the case and relations to the property. The case was submitted to the court upon the pleadings, the default of the executors, and the proofs made in open court, and decree entered, declaring that there is now (March 16, 1887), due to the plaintiff upon the debts and mortgage set forth, the sum of $3,500 principal, with the further sum of $728.74 interest, $300 counsel fees, and $31.50 costs of suit, and ordering foreclosure and sale of the property to satisfy the same, and that judgment be entered against the estate for deficiency, if any there be. It will thus be seen that the judgment was for the principal sum claimed in both counts of the complaint. Presumptively interest is allowed upon the sums claimed in both counts as prayed, as no point is made on that subject. The appeal is from the judgment, and the case comes up on the judgment roll.

The point made against the first count of this complaint is, that the plaintiff is not entitled to maintain this action to foreclose, for the reason that he had already presented his claim against the estate for the amount of the indebtedness represented by the said three-thousand-dollar note and interest, and the same had been allowed and approved, and stood as an admitted claim against the estate, to be paid in due course of administration, and he therefore no longer had a right to proceed for the collection of the same by foreclosure, and to subject the estate to the costs and counsel fees in foreclosure. Counsel contend that, having filed his claim under section 1497 of the Code of Civil Procedure, a mortgagee is, under the present constitution and statutes, thereafter barred of the right to proceed by foreclosure, unless the right is given by section 1500, and that under that section it is only given where he declines to file his claim under section 1497, and elects to look to the mortgaged property alone for the recovery of his money, and expressly waives all claim against the estate

for deficiency and all claim for counsel fee; also, claiming that when his claim is once filed and allowed he is amply protected by the provisions of section 1569 of the Code of Civil Procedure.

We cannot concede, as counsel contend, that this is now an open question in this court. The point made was directly decided, against the position taken by appellants here, in *Hibernia Savings and Loan Society* v. *Conlin*, 67 Cal. 180. This case was followed by *German Savings and Loan Society* v. *Hutchinson*, 68 Cal. 52, and *Wise* v. *Williams*, 72 Cal. 544, both of which were cases of foreclosure after presentation and allowance of the claim, and where, but for the presentation and allowance of claim, the debt would have been barred by the statute of limitations, and mortgage extinguished; and in both cases the court held that the action could be maintained, and that the debt, by reason of the fact that it had been presented and allowed, did not and would not become barred pending administration. On the authority of these decisions we must hold that this point is not well taken, and under the statute we see no reason to doubt the correctness of this conclusion.

To the second count of the complaint the defendants made the same point, under the cause of demurrer that the same did not state facts sufficient to constitute a cause of action, and specially demurred for that it affirmatively appeared on the face of the complaint that the indebtedness therein set forth was not secured by the said mortgage, that it was not presented to the executors as a claim secured by said mortgage, and did not rank as a secured claim against said estate. The court overruled this demurrer, and in its decree, as already shown, allowed five hundred dollars of this note, with the interest thereon, as secured by this mortgage, and ordered foreclosure therefor.

In this we think the court erred. By no fair construction of the terms of that mortgage can it be held that

the plaintiff could go out and buy up the notes of third parties, upon which his mortgagor was a simple indorser, and hold the same as secured by that mortgage. Beside, in presenting his claim thereon to the executors, and to the court sitting in probate, he did not present it as a secured claim, but it was presented and allowed as an unsecured claim against the estate, to be paid in due course of administration. Respondent, however, claims that it was averred in the complaint, and admitted by the demurrer, that the claim, to the extent allowed in this decree, was secured by that mortgage, and that consequently the decree in that regard is in accordance with the admissions of the pleadings. We have looked in vain for any such allegation in the complaint, and if there was such an averment in one part of the complaint, it was contradicted by the copy of the sworn claim, as presented to the executors, which copy was annexed to and made a part of the complaint.

The mortgage having provided for counsel fee in case of foreclosure, it was and is in the discretion of the court below to make such allowance as in its judgment was reasonable and just, without regard to the amount or percentage specified in the mortgage. The court seems to have acted on this understanding of the law, and we cannot say that there was any abuse of discretion in the allowance made.

The judgment and decree must be reversed as to so much of it as is based upon the cause of action set out in the second count of this complaint, and the cause remanded for further proceedings in accordance with this opinion.

So ordered.

WORKS, J., and PATERSON, J., concurred.