[S. F. No. 564.    Department One.—March 24, 1897.]

ESTATE OF JAMES H. BULLARD, DECEASED. JAMES A. BULLARD, APPELLANT.

ESTATES OF DECEASED PERSONS—MATURITY OF NOTE AND MORTGAGE AFTER DEATH—STATUTE OF LIMITATIONS—PRESENTATION OF CLAIM.—The general rule is that the statute of limitations does not begin to run when no administration exists on the decedent's estate at the time the cause of action accrued; and where a note and mortgage were not mature at the date of the death of the mortgagor, they are not barred by the statute of limitations, although letters of administration were not issued until more than four years after the maturity of the note and mortgage; and a claim for the note and mortgage presented to the administrator promptly upon the publication of notice to creditors is properly allowed.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the account of an administrator.    J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellant.

*H. H. McPike*, for Respondent.

HARRISON, J.—The decedent in his lifetime executed his promissory note to the Hibernia Savings and Loan Society, payable February 10, 1887, together with a mortgage upon certain real estate to secure its payment.

Prior to the maturity of the note, viz., April 6, 1886, he died, and a document purporting to be his last will and testament, which was presented for probate in April, 1886, was finally rejected January 9, 1893. Letters of administration were issued upon his estate August 15, 1894, and notice to creditors to present their claims to the administrator for allowance was first published March 9, 1895. The Hibernia Savings and Loan Society presented its claim upon the aforesaid note and mortgage to the administrator for allowance March 28, 1895, and it was allowed by him and approved by the judge of the court, and filed as an approved claim August 7, 1895. November 25, 1895, the administrator rendered the account of his administration for settlement, and included therein the said claim of the Hibernia Savings and Loan Society. At the hearing of the settlement the appellant, one of the heirs of the decedent, contested the allowance of the claim upon the ground that at the time of its presentation and allowance it was barred by the provisions of section 337 of the Code of Civil Procedure of this state. The court overruled his objections, and made an order settling and allowing the account as rendered, to which the contestant excepted. The present appeal is from this order.

Section 353 of the Code of Civil Procedure provides: "If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives after the expiration of that time, and within one year after the issuance of letters testamentary or of administration." This provision is identical with that contained in section 24 of the limitation act of 1850 (Stats. 1850, p. 346), which was construed in *Smith* v. *Hall*, 19 Cal. 85. In that case Cook made his promissory note, and died before its maturity. Letters of administration were not issued upon his estate until more than four years had elapsed after the maturity of the note, and subsequently a claim thereon was presented to the administrator and

rejected. In a suit brought thereafter to establish the claim the district court held that it was barred by the statute of limitations, but upon appeal that judgment was reversed, the court saying: "The general rule is that the statute of limitations does not begin to run when no administration exists on the decedent's estate at the time the cause of action accrued. (*Danglada* v. *De la Guerra*, 10 Cal. 386.) And as the general act prescribes four years as the period of limitation on promissory notes, it cannot be held by force of this statute that this claim is barred. . . . . We do not understand the twenty-fourth article, section 24, of the act of limitations as conflicting with the view we have taken. That section only applies to cases where the statute has commenced to run. This construction is evident as well from reason as from the language of the section. The words are, that the plaintiff may bring his suit in the case mentioned 'after the expiration of the period of limitation,' and the additional year, etc. The object was not to curtail, but to prolong, the period for suing in the given category." The above section of the code must receive the same construction. (See, also, Wood on Limitations, sec. 6.)

The order is affirmed.

VAN FLEET, J., concurred.

BEATTY, C., J., concurring.—I concur in the judgment, and place my concurrence upon the proposition decided in *Smith* v. *Hall*, *supra*, that "the statute of limitations does not begin to run when no administration exists on the decedent's estate at the time the cause of action accrued."

In making that decision the court cited *Danglada* v. *De la Guerra*, *supra*, to sustain the proposition. That case, however, does not sustain it, and I know of no express provision of law that does. But section 1500 of the Code of Civil Procedure forbids the commencement of any action upon a claim against a decedent

unless the claim is first presented to an executor or administrator, etc., and it seems to have always been considered absurd to hold that the statute would run against a cause of action which could not possibly be put in suit. Upon this ground apparently, and by mere judicial legislation, the rule above quoted has been established, and it is now too late to set it aside by a contrary decision, if a contrary decision could be justified.

I have examined the cases cited by appellant, but they do not appear to support his contention. *Hibernia Savings & Loan Society* v. *Herbert*, 53 Cal. 375, is not at all in point. *Tynan* v. *Walker*, 35 Cal. 643, 95 Am. Dec. 152, was the converse of this case, in which it was held that the representatives of an intestate could not keep alive a right of action indefinitely by neglecting to take out administration. The reasoning of Judge Sanderson (pp. 643, 644) does seem to support the contention of the appellant, but the case was different and the point decided was different. The reason for the exception engrafted upon the statute in *Smith* v. *Hall*, *supra*, does not exist when the right of action is one in favor of the decedent.

In *Hibernia Savings & Loan Society* v. *Conlin*, 67 Cal. 178, the suit was to foreclose a mortgage of the decedent given to secure another's debt. There was no personal liability of the decedent, no right in any event to a deficiency judgment, and no necessity to present the claim before action. Here a presentation was necessary in view of the personal liability of the decedent and the right of plaintiff to a deficiency judgment.