[Sac. No. 879.    Department One.—January 17, 1902.]

THE VISALIA SAVINGS BANK, Respondent, v. W. M. CURTIS, Administrator, etc., et al., Appellants.

ESTATES OF DECEASED PERSONS—INSOLVENCY—FORECLOSURE OF MORT-GAGE—WAIVER OF RECOURSE—INTEREST.—A mortgagee of land belonging to the insolvent estate of a deceased mortgagor, who expressly waives all recourse against the estate of the deceased mortgagor, other than the mortgaged property, may foreclose the mortgage without the presentation of any claim against the estate, and may enforce the lien thereof against the property for the full amount thereof, including the conventional rate of interest, and is not limited to legal interest upon the mortgage debt, notwithstanding the insolvency of the estate.

ID.—CONSTRUCTION OF CODE—INTEREST ON "CLAIM" AGAINST INSOL-
VENT ESTATE—INDEPENDENT FORECLOSURE OF MORTGAGE.—Section
1464 of the Code of Civil Procedure, limiting the interest "upon
any claim" against an insolvent estate to the legal rate allowed
upon judgments, applies only to claims which must be presented for
allowance or be barred forever, and which, when approved, are filed
in the court and become acknowledged debts. That section does not
apply to an action under section 1500 of that code, to foreclose
the lien of a mortgage against land belonging to the estate.
In such action the court acts independently of the administration
of the estate, and may enforce the lien upon the property by
sale thereof, for the full amount of the mortgage debt, irrespective
of the insolvent condition of the estate.

APPEAL from a judgment of the Superior Court of
Tulare County.  W. R. Wallace, Judge.

The facts are stated in the opinion of the court.

Bradley & Farnsworth, for Appellants.

E. O. Larkins, for Respondent.

HARRISON, J.—S. Z. Curtis executed his promissory note
to the plaintiff, January 6, 1896, for the sum of twenty thou-
sand dollars, payable one year thereafter, with interest thereon
at the rate of ten *per cent per annum,* together with a mort-
gage upon certain real estate to secure its payment. He died
April 4, 1896, and the appellant W. M. Curtis was appointed
the administrator of his estate. After the making of the note,
the plaintiff presented to the administrator its claim thereon
in proper form, and the same was allowed and approved by
the judge and filed with the clerk. Thereafter he brought the
present action for the foreclosure of the mortgage, alleging
that the said estate is insolvent, and the administration thereof
still pending, and in the complaint expressly waived all re-
course against any other property of the estate than that
described in the mortgage. The court rendered judgment in
its favor for the amount due upon the promissory note, com-
puting the interest thereon at ten per cent per annum, and
directed that the mortgaged premises be sold, and that the
plaintiff be paid so much of the amount found due to it as
the proceeds of said sale would pay. The present appeal is
from this judgment upon the judgment-roll, without any bill

of exceptions. In support of the appeal, the appellants contend that, inasmuch as the estate of the mortgagor is insolvent, the plaintiff is not entitled to receive interest upon its note at a greater rate than seven per cent *per annum.* This contention is based upon the following clause in section 1494 of the Code of Civil Procedure: "If the estate be insolvent, no greater rate of interest shall be allowed upon any claim after the first publication of notice to creditors than is allowed on judgments obtained in the superior court."

The "claim" referred to in this section is that which, by the preceding section, must be presented to the administrator or executor for allowance, or be "barred forever," and which, when "allowed" and filed in the court, is, under section 1497, "ranked among the acknowledged debts of the estate, to be paid in due course of administration." The rule therein limiting the rate of interest is a direction to the administrator or executor in determining the amount to be "allowed" by him upon the claim when the estate is insolvent, and which is to be paid out of the general assets of the estate, but has no application to the action of a court in a suit for the foreclosure of the mortgage. Section 1500 of the Code of Civil Procedure gives to the holder of a mortgage the right to enforce the same "against the property of the estate subject thereto," without any presentation of the claim to the executor or administrator.

The holder of a claim secured by a mortgage has therefore two modes in which he may enforce its payment. He may institute an action for its foreclosure under section 1500, in which the amount of his recovery will be limited to the proceeds of his security, or he may present his claim to the administrator or executor for allowance, and, under section 1569 of the Code of Civil Procedure, receive the amount allowed therefor from the proceeds of a sale made under the supervision of the probate court, and if those proceeds be insufficient therefor, may share equally for the deficiency with the other creditors.

The proceeding under section 1500 is entirely independent of the administration of the estate, and may be conducted in a different forum from that in which such administration is pending, and may be taken after the presentation and allowance of his claim (*Moran* v. *Gardemeyer,* 82 Cal. 96), or even

after its rejection. Under this section the plaintiff acts independently of any action on the part of the administrator or executor, and without any reference to the condition of the estate. Instead of seeking to enforce a claim against the estate through the administrator, he is seeking a judicial sale of the property given him as security for its payment, irrespective of the interest of the estate in the property. The mortgagor may have parted with or incumbered the property in his lifetime, or the mortgaged property may have been set apart to his family as a homestead after his death, but in an action of foreclosure the property is still liable for the full amount of the mortgage debt, irrespective of the condition of the estate. The court in which such action is pending is not called upon to ''allow'' a claim against the estate which is to be paid in the course of administration, but merely determines the amount of the mortgage debt, according to its terms, and directs a sale of the mortgaged property.

In *Ellis* v. *Polhemus,* 27 Cal. 350, relied upon by the appellants, the plaintiff was seeking to collect the mortgage claim through the administrator of the estate of the defendant, and it was held that, upon a sale of the mortgaged property by the administrator, the holder of the mortgage claim was entitled to receive interest thereon only at the rate of ten *per cent per annum,* that being the rate then specified in the statute. At the time of the decision in *Ellis* v. *Polhemus,* 27 Cal. 350, the provisions of section 1500 of the Code of Civil Procedure were not upon the statute-book, and the question of the rate of interest to be allowed under a foreclosure of the mortgage was not presented or discussed. It will also be noted that at that time the provision of the statute was that, if the estate was insolvent, ''no claim shall bear greater interest'' than ten *per cent per annum,* whereas the provision as it now stands is, that ''no greater interest shall be allowed upon any claim than is allowed on judgments.''

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.