[No. 55.  Third Appellate District.—September 21, 1905.]

## WILLIAM HEESER, Respondent, v. JOHN TAYLOR, as Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—MORTGAGE—PRESENTATION OF CLAIMS —WAIVER—FORECLOSURE.—It is not necessary to present a mortgage claim against the estate of a deceased person in order to foreclose the mortgage, where the complaint of the mortgagee waives all recourse against any other property of the estate.

ID.—STATUTE OF LIMITATIONS—MORTGAGE DEBT NOT MATURE AT DEATH OF DECEDENT.—Notwithstanding the mortgage debt was not mature at the death of the decedent, and more than four years elapsed from its maturity before foreclosure, yet it is saved from the bar of the statute by the concluding clause of section 353 of the Code of Civil Procedure, where the foreclosure suit was begun within one year after the issuing of letters testamentary or of administration.

APPEAL from a judgment of the Superior Court of Mendocino County.  J. Q. White, Judge.

The facts are stated in the opinion of the court.

Thomas, Pemberton & Thomas, for Appellant.

T. L. Carothers, for Respondent.

McLAUGHLIN, J.—This is an action to foreclose a mortgage on real property. The defendant demurred to the complaint upon the general ground that no cause of action was

stated therein, and also on the special ground that the cause of action pleaded was barred by the provisions of sections 312 and 337 of the Code of Civil Procedure. The demurrer was overruled, and, defendant declining to answer, judgment of foreclosure was entered. From this judgment defendant appeals.

The complaint stated a cause of action. The plaintiff expressly waived all recourse against any other property of the estate, and hence no presentation of his claim was necessary. (Code Civ. Proc., sec. 1500; *McGahey* v. *Forrest*, 109 Cal. 67, [41 Pac. 817]; *Visalia Savings Bank* v. *Curtis*, 135 Cal. 352, [67 Pac. 329]; *Weinrich* v. *Hensley*, 121 Cal. 656, [54 Pac. 254].)

The principal question remaining relates to the defense of the statute of limitations. It appears from the complaint that the note and mortgage in suit were executed by Thomas Boyle to L. E. White, the assignor of plaintiff, on September 19, 1878. The note was for the sum of three hundred and sixty dollars, bearing interest at the rate of one and one half per cent per month from date, and was payable one year after its date. Thomas Boyle died on December 16, 1878, but no administration of his estate was had until February 3, 1904, when letters of administration were issued to the defendant. The mortgage and the assignment thereof were duly recorded. It is apparent from the foregoing statement that the note was not due at the time of Boyle's death, and upon this fact rests appellant's contention that the cause of action was barred when this action was commenced.

It is said in this behalf that section 312 of the Code of Civil Procedure requires that all actions upon contracts in writing, without exception, be commenced within four years after maturity, and that the cause of action here is not embraced in any of the special classes mentioned in that section. This conclusion is based on the assumption that the cause of action is not saved by the concluding clause of section 353 of the same code, because no cause of action was ripe when Boyle died, and hence he was not a person against whom an action might be brought within the meaning of that section. In other words, appellant claims that section 353 applies only to cases where the running of the statute had commenced before the death of the payor. *Tynan* v. *Walker*, 35 Cal. 634, [95

Am. Dec. 152], and *Hibernia S. and L. Society* v. *Conlin*, 67 Cal. 178, [7 Pac. 477], are cited as sustaining this view, and it is earnestly argued that the decision to the contrary in the case of *In re Bullard*, 116 Cal. 355, [48 Pac. 219], is not supported by reason or the statute. It could serve no useful purpose to indulge in critical analyses of the decisions bearing upon the question before us. In the last-mentioned case the question to be decided here was squarely presented and decided, and, notwithstanding the fact that both of the cases relied upon by appellant were there considered, it was held "'that the statute of limitations does not begin to run where no administration exists on the decedent's estate *at the time the cause of action accrued.*" (*In re Bullard*, 116 Cal. 355, [48 Pac. 219] ; *Smith* v. *Hall*, 19 Cal. 85.)

The very recent case of *Hibernia S. and L. Society* v. *Boland*, 145 Cal. 627, [79 Pac. 365], is "on all-fours" with the case at bar, and the rule announced in *In re Bullard* was there followed.

It is useless to expect this court to ignore or attempt to nullify a rule thus plainly declared and sanctioned by our highest court. Chaos must be the inevitable result if the rights of citizens are to be measured by one rule in that forum and by varied and different rules in the district courts of appeal. Certainty in the administration of justice is essential to the security of personal and property rights, and it needs no argument to convince that conflicting or contradictory decisions, creating uncertainty and confusion, could only impair the usefulness of our present appellate courts, and render harmful a system which it was hoped might prove beneficial. A hotchpotch of conflicting decisions would create intolerable conditions, as unnecessary as they would be deplorable. The district courts of appeal were not created for the purpose of revising or overruling the decisions of the supreme court, and no such power will be here exercised or assumed. Should a justice of this court entertain views irreconcilably in conflict with a decision of the supreme court, such justice will no doubt fearlessly exercise his privilege of dissent. Should all the justices concur in the view that a decision of the supreme court should be overruled, we will manifest our high confidence in that tribunal by courteously calling attention to the supposed error, and requesting that

the cause before us, involving the application of the rule or principle questioned, be transferred to that court for final adjudication. In this way we may be relieved from the necessity of blindly following all decisions, however erroneous some of them may seem, and, at the same time, avoid the dangers attendant upon varied and conflicting decisions touching the same legal principle or abstract right. It is the privilege and duty of every attorney in this state to combat and seek to overthrow judicial precedents which are deemed erroneous, and we would not be understood as discouraging the full and fearless performance of this high duty, nor as minimizing the potency of fair, manly, and intelligent criticism in molding and perfecting a harmonious and correct system of authoritative precedents. No higher tribute could be paid to any court than to seek relief from the effect of error in the court where the error was committed. We invite respectful yet fearless criticism, and will be quick to examine and answer appeals to correct errors here committed; but all must realize that the binding force of decisions by our court of final review can only be impaired or destroyed by the tribunal in which such decisions were rendered. It is but fair to counsel for appellant to remark that the argument which induces the foregoing statement was originally addressed to the supreme court, but similar arguments are frequently addressed to district courts of appeal, and a sense of duty to members of the bar compels us to state our view touching the powers of this court in the premises.

In the case at bar there is no dissent from the rule declared in the case of *In re Bullard,* 116 Cal. 355, [48 Pac. 219]. The purpose of a law furnishes an unerring guide to its correct interpretation, and we are satisfied that such rule is in consonance with the reason and purpose, and is within the scope, of section 353 of the Code of Civil Procedure. It is clear to our minds that the amendment to section 312 of the same code could not and did not affect the interpretation placed upon section 353. The interest was payable from the date of the note, and hence the judgment cannot be modified as suggested. (*Casey* v. *Gibbons,* 136 Cal. 370, [68 Pac. 1032]; *Kohler* v. *Smith,* 2 Cal. 597, [56 Am. Dec. 369].) No equitable question of laches is here involved, and we cannot decide questions which are not before us.

This case is a harsh one, but inexorable rules of law, binding alike on litigants and courts, must be followed, and hence the judgment must be and is hereby affirmed.

**Chipman, P. J., and Buckles, J., concurred.**