E. P. KELLY AND ANOTHER v. C. D. SNOW AND ANOTHER.[1]

July 23, 1926.

No. 25,406.

**Payment of undertaker's bill.**
1. By presenting his bill to the probate court for allowance against the estate of a deceased person, an undertaker does not waive his right to look for payment of the bill to the person who employed him to bury the deceased and who promised to pay for his services.

**Estate liable for amount paid if assets of estate are sufficient.**
2. If the person who employed the undertaker pays his bill, he may call upon the representative of the estate of the deceased to reimburse him, if the assets of the estate are sufficient.

Election of Remedies, 20 C. J. p. 9 n. 65, 67, 68; p. 18 n. 17; p. 31 n. 89.

Executors and Administrators, 24 C. J. p. 307 n. 22; p. 362 n. 65.

Action in the municipal court of Mankato to collect an undertaker's bill. The case was tried before Stradtmann, J., and a jury which returned a verdict for plaintiffs. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Wm. F. Hughes* and *J. A. Baker*, for appellants.

*Evan Hughes*, for respondents.

LEES, C.

Plaintiffs are the undertakers who provided the casket and officiated at the burial of Dorothy J. Roberts, deceased. The defendants are husband and wife, the wife being a step-daughter of Mrs. Roberts. This action was brought to collect the undertakers' bill. A jury returned a verdict in plaintiffs' favor. Defendants' motion for a new trial was denied and they appealed.

Plaintiffs relied on an express promise by defendants to pay the bill. Defendants denied the promise. The testimony bearing on

[1]Reported in 210 N. W. 105.

this. issue would support a verdict for either party, hence the ver-. dict must stand.

A short time after the funeral plaintiffs filed a claim against Mrs. Roberts' estate for the amount of their bill. The claim was allowed but has not been paid by the representative of the estate. It is argued that by filing the claim plaintiffs elected to look to the estate for the payment of their bill and lost any right they may have had to pursue the defendants, and that plaintiffs' former attitude is wholly inconsistent with their present claim. Undoubtedly the estate of Mrs. Roberts may be charged with the payment of the expenses of her funeral, but that fact does not prevent plaintiffs from enforcing the promise, which the jury must have found they had obtained from the defendants. If both the estate and the defendants are liable for the payment of the bill, plaintiffs may proceed against either or both until they obtain payment from one ör the other. In Bell v. Mendenhall, 71 Minn. 331, 73 N. W. 1086, it was held that original and separate promises to pay a debt remain intact until the debt is satisfied; that, where there is more than one promise to pay, plaintiff may maintain a separate action on each promise, either at the same or at different times, and that such remedies are not inconsistent. That principle is applicable here and answers the argument of defendants' counsel.

When defendants pay this bill, they will have a right to call upon the representative of Mrs. Roberts' estate to reimburse them, if the assets of the estate are sufficient. McNally v. Weld, 30 Minn. 209, 14 N. W. 895; Dun. P. L. § 906; Barrett v. Heim, 152 Minn. 147, 188 N. W. 207.

Order affirmed.