[Civ. No. 540. Fourth Appellate District.—September 28, 1933.]

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a Corporation), Respondent, v. C. S. EVANSON, Administrator, etc., Appellant.

John B. Nichols and John Clarkson for Appellant.

S. M. Davis for Respondent.

BARNARD, P. J.—This is an appeal from a judgment dated July 29, 1930, in favor of the plaintiff in an action to foreclose a mortgage brought against the administrator of the mortgagor. It appears that a claim for the amount unpaid on the note and mortgage was presented, approved and filed in the estate on June 11, 1926. About four years later, and while probate proceedings were still pending, this action was commenced, all recourse against any property of the estate other than that covered by the mortgage being expressly waived in the complaint. During the intervening four years the administrator had paid to the mortgagee out of estate funds some fourteen scattered payments, ranging from $17.50 to $52.50 each, amounting to a total of $364.68. Apparently these payments covered interest with a small amount to be applied upon the principal sum.

The only points raised on this appeal are that the court erred in permitting a foreclosure of the mortgage under these circumstances and that, in any event, the foreclosure should have been made conditional upon the return of the amount paid from the funds of the estate. It is contended that the filing of this claim and the acceptance of these payments constituted an election by the mortgagee to proceed under what was then section 1569 of the Code of Civil Procedure; that the mortgagee was thereby estopped from foreclosing as then permitted by section 1500 of that code;

and that the mortgagee could not and did not make the required waiver of all recourse against the property of the estate other than that covered by the mortgage, so long as the payments referred to were retained.

It is well settled that a mortgagee had the right under the former section 1500 to foreclose his mortgage after presenting and filing such a claim in the estate of the mortgagor (*Visalia Sav. Bank* v. *Curtis*, 135 Cal. 350 [67 Pac. 329]). The only question remaining is whether the acceptance from the estate of payments upon such a mortgage would prevent a subsequent foreclosure either on the ground of election of an inconsistent remedy or as in fact showing that recourse against other property of the estate was not waived.

Under the contention here made any mortgagee, after filing such a claim, could accept payments of either principal or interest from the estate of the mortgagor only under penalty of losing his right of foreclosure. This contention is supported neither by authority called to our attention nor by reason and common experience. Ordinarily estates are closed within a reasonable time and the mortgaged property distributed subject to the mortgage, and it is to the benefit of all concerned that a mortgage shall be kept in good standing during the probate proceedings by the payment of interest and otherwise. Where this is voluntarily done and is mutually satisfactory to the parties it should be the policy of the law to encourage the same. It is not to be expected, especially where probate proceedings are unduly prolonged, that a mortgagee will wait indefinitely for interest payments, and in the absence of any statutory provision a mortgagee should not be compelled by judicial decision to refuse to accept interest or other payments and to foreclose immediately.

There is no provision that the right to foreclose shall be exercised immediately after filing the claim and this right may be invoked at any time a default exists, subject to the provision that when it is invoked the mortgagee must waive any claim against other property of the estate. This waiver of the right to proceed by legal action against property of the estate other than that covered by the mortgage relates entirely to what must be done when and if foreclosure proceedings are begun, and not to any payments theretofore

made voluntarily or in accordance with the terms of the contract. Since the mortgagee has the right to accept payments on the mortgage indebtedness without losing his right to foreclose in case of default, the acceptance of such payments indicates no election to thereafter look exclusively to the probate proceedings for the payment of his debt.

We conclude that the retention of money paid upon a mortgage after filing a claim in the estate of a mortgagor and before foreclosure proceedings thereon are commenced, is neither an election to rely upon payment in the course of administration nor a violation of the provision that recourse against all property of the estate other than that covered by the mortgage must be waived when enforcement is sought through foreclosure.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.