[Civ. No. 1187. Fourth Appellate District.—July 16, 1936.]

HARRY SHLAUDEMAN, as Testamentary Trustee, etc., Respondent, v. B. F. GRUBEL et al., Defendants; L. H. SIMPSON, as Administrator, etc., Appellant.

Everett H. Smith and Hugh B. Rotchford for Appellant.

William L. Chitty and William B. Gilroy for Respondent.

TURRENTINE, J., *pro tem.*—On February 16, 1921, the defendants Grubel executed and delivered to Henry Shlaudeman their promissory note for $15,000, payable in five years. On the same date, B. F. Grubel only executed and delivered to Henry Shlaudeman a mortgage covering real property, said mortgage being to secure the payment of the aforementioned note, which mortgage was duly recorded. On May 9th, B. F. Grubel conveyed the property described in the mortgage to Harriet A. Simpson, said deed stating that the conveyance was subject to all mortgages and other incumbrances of record. Henry Shlaudeman died in 1923, and plaintiff herein succeeded to his interest in the mortgage as trustee under the will of Henry Shlaudeman, now deceased. The trial court found, and was justified from the evidence in finding, that prior to February 16, 1926, it was agreed in writing by Harriet A. Simpson and plaintiff that upon the payment to plaintiff of $1,000 immediately and a further payment of $3,000 on or before February 16, 1926 (the due date of the note), the payment of the promissory note secured by the mortgage would be extended to February 16, 1927. Pursuant to this agreement, Harriet A. Simpson paid plaintiffs on account of the principal of said note $2,500 before February 16, 1926, and $1500 February 17, 1926, at which time the parties, pursuant to the aforementioned agreement, agreed in writing that the time of the payment of the note secured by the mortgage be extended to February 16, 1927, and that Harriet A. Simpson would pay said note on the date of maturity as extended.

Mrs. Simpson died February 7, 1929, whereupon defendant L. H. Simpson was appointed administrator of her estate, and thereafter a claim for the note above referred to was presented to the administrator of the estate of Harriet A. Simpson, deceased, which claim was in the form required by section 706 of the Probate Code. This claim was approved February 16, 1929, by the administrator, and allowed and approved June 24, 1929, by the judge of the court before whom the probate proceedings were pending in Los Angeles

County. The claim was allowed for $10,000, the principal amount due and unpaid, and interest.

On August 19, 1931, L. H. Simpson, as such administrator, filed a verified account in the probate proceedings wherein the claim of plaintiff, allowed by the administrator and approved by the court, was described and set forth and the note and mortgage was referred to and described as a claim against said estate, and on September 14, 1931, the Superior Court of Los Angeles County, wherein the estate of Harriet A. Simpson was pending, settled and allowed said account by an order duly made and entered. No appeal or other proceedings in respect to said account have been taken and said order is now final.

This action to foreclose the mortgage was filed August 29, 1932. In said action plaintiff sought to recover the principal sum due with interest, together with the costs and attorneys' fees. On June 19, 1934, the decree of foreclosure was made and entered, wherein plaintiff was allowed to recover the principal sum due with interest, together with costs and attorneys' fees. A sale was made pursuant to the decree September 17, 1934, wherein the property was sold for $10,000 and a deficiency of $3,357.73 was entered against appellant. Defendant L. H. Simpson, as administrator of the estate of Harriet A. Simpson, deceased, appeals from the judgment.

■ Appellant takes the position that plaintiff's cause of action is barred by the statute of limitations. The maturity date of the note was February 16, 1926. On its face the obligation would therefore be barred by the statute of limitations February 16, 1930. However, Harriet A. Simpson, who had assumed and agreed to pay the mortgage and was therefore the principal debtor, died February 7, 1929. Section 353 of the Code of Civil Procedure provides: " . . . If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration." Section 708 of the Probate Code provides in part: "No claim which has been allowed is affected by the statute of limitations, pending the administration of the estate." These sections would seem

to demonstrate that as Harriet A. Simpson died prior to the claim being barred by the statute of limitations that the statute of limitations was, in the first instance, suspended until the issuance of letters of administration and that plaintiff had one year thereafter within which to commence his action. This by the clear provisions of section 353 of the Code of Civil Procedure, *supra.* However, a claim was presented and allowed within the time and in the manner provided by law, against the estate of Harriet A. Simpson and thereupon section 708 of the Probate Code again suspended the effect of the statute of limitations by virtue of the portion thereof above quoted. It is not questioned that the estate was pending at the time of the filing of the suit herein.

Hence the statutes we have quoted, on their face, dispose of the contention that the action is barred by the statute of limitations and this is so, assuming that there is no extension of the note and mortgage to February 16, 1927. Where the obligation is kept alive, the lien of the mortgage continues. (*Lent* v. *Morrill,* 25 Cal. 492; *Tolman* v. *Smith,* 85 Cal. 280 [24 Pac. 743].) The debt is the principal thing and the mortgage the incident thereto. "The incident follows the principal, and not the principal the incident." (Civ. Code, sec. 3540.)

However, we have the extension agreement, valid and supported by a consideration. The agreement to pay and the payment by Harriet A. Simpson of a part of the principal before it was due is sufficient consideration for an agreement by the mortgagee to extend the mortgage. (*Seaton* v. *Fiske,* 128 Cal. 549 [61 Pac. 666].)

We think we may safely say that a claim which has been duly presented to an administrator of an estate, by him allowed, by the probate court approved and allowed, and by a decree of the probate court approving and allowing a filed claim on the hearing of an account is, when the decree approving the account becomes final, *res judicata.* (Probate Code, sec. 931; *Estate of Davis,* 151 Cal. 318 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105]; *Estate of Grant,* 131 Cal. 426 [63 Pac. 731]; *Security-First National Bank* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69].)

It appears that L. H. Simpson was the son of Harriet A. Simpson and conducted the correspondence relative to the mortgage. Appellant now questions his own authority

to represent his mother in the negotiations. This is an ideal situation to apply the doctrine of estoppel. When he purported to act as agent for his mother and the other persons acted thereon, he certainly should not be allowed to question his own agency.

 Appellant urges that plaintiff's failure to comply with section 716 of the Probate Code prohibits the maintenance of this action. This section provides that ''No holder of a claim against an estate shall maintain an action thereon, unless the claim is first filed with the clerk or presented to the executor or administrator, except in the following case: An action may be brought by the holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless the claim was filed or presented as aforesaid.'' We think the procedure taken by plaintiff in the filing of his claim and mortgage and the suit thereafter seeking to foreclose the mortgage and holding the estate for any deficiency is clearly authorized by the case of *Moran* v. *Gardemeyer*, 82 Cal. 96 [23 Pac. 6]. In that case, at page 99, it was said:

''The point made against the first count of this complaint is, that the plaintiff is not entitled to maintain this action to foreclose, for the reason that he had already presented his claim against the estate for the amount of the indebtedness represented by the said three-thousand-dollar note and interest, and the same had been allowed and approved, and stood as an admitted claim against the estate, to be paid in due course of administration, and he therefore no longer had a right to proceed for the collection of the same by fore-closure, and to subject the estate to the costs and counsel fees in foreclosure. Counsel contend that, having filed his claim under section 1497 of the Code of Civil Procedure, a mortgagee is, under the present constitution and statutes, thereafter barred of the right to proceed by foreclosure, unless the right is given by section 1500, and that under that section it is only given where he declines to file his claim under section 1497, and elects to look to the mortgaged property alone for the recovery of his money, and expressly waives all claim against the estate for deficiency and all claim for counsel fee; also, claiming that when his claim is once filed

and allowed he is amply protected by the provisions of section 1569 of the Code of Civil Procedure.

"We cannot concede, as counsel contend, that this is now an open question in this court. The point made was directly decided, against the position taken by appellants here, in *Hibernia Savings & Loan Society* v. *Conlin,* 67 Cal. 178, 180 [7 Pac. 477]. This case was followed by *German Savings & Loan Society* v. *Hutchinson,* 68 Cal. 52 [8 Pac. 627], and *Wise* v. *Williams,* 72 Cal. 544 [14 Pac. 204], both of which were cases of foreclosure after presentation and allowance of the claim and where, but for the presentation and allowance of claim, the debt would have been barred by the statute of limitations, and mortgage extinguished; and in both cases the court held that the action could be maintained, and that the debt, by reason of the fact that it had been presented and allowed, did not and would not become barred pending administration. On the authority of these decisions we must hold that this point is not well taken, and under the statute we see no reason to doubt the correctness of this conclu· sion."

We think the Probate Code sections which have taken the place of the Code of Civil Procedure sections cited in the foregoing quotation contemplate the same procedure as that allowed by the Code of Civil Procedure sections mentioned in the quotation above.

 Inasmuch as the claim filed did not ask for attorneys' fees nor was the same approved or allowed for attorneys' fees, we think that this item should be stricken from the judgment. We further think that the decree should be amended to the effect that the deficiency judgment against appellant should be payable only in the due course of the administration of the estate and as and having the status of the claim of a general creditor.

It is ordered that the decree be modified by striking therefrom the item and amount allowed as attorneys' fees and by providing that the deficiency judgment shall be paid solely from the assets of the estate in the due administration thereof in the same manner and to the same extent as the payment of general creditors. As so modified the judgment is affirmed, each party to pay his own costs on appeal.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 14, 1936.