[Civ. No. 11148. Second Appellate District, Division Two.—January 20, 1937.]

SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent, v. MAURICE O'CONNOR, as Executor, etc., Appellant.

Irvin C. Louis and H. B. Pool for Appellant.

Sherrill B. Osborne and Thorpe & Bridges for Respondent.

CRAIL, P. J.—The plaintiff (respondent) was the owner of a note and mortgage executed by A. Carlton Weaver during his lifetime. After his death Maurice O'Connor was duly appointed the executor of his estate. After the note became due the plaintiff filed a claim against the estate for the amount of the note with interest and costs. Thereafter, the plaintiff proceeded to foreclose the mortgage and obtained a judgment for the amount of the note with interest and costs and attorney's fees and an order for a deficiency judgment in event the property did not sell for sufficient to pay the judgment, also an order that execution issue on such deficiency, from all of which the appeal is taken.

The defendants' first contention is that "the holder of a promissory note secured by a mortgage on real estate owned by the estate of a deceased mortgagor cannot obtain a

decree of foreclosure of said mortgage, to be followed by a judicial sale of the property, unless the plaintiff in his complaint in foreclosure expressly waives all recourse against any other property in the estate''. In making this contention the defendants rely upon section 716 of the Probate Code taken in connection with certain language used in the case of *Visalia Savings Bank* v. *Curtis,* 135 Cal. 350 [67 Pac. 329]. That was a case in which there was a foreclosure of a lien against property of a decedent but where no claim had been filed against the estate. The case has no application to the instant case in which a claim was duly and regularly filed. (*Schlaudeman* v. *Grubel,* 15 Cal. App. (2d) 499 [59 Pac. (2d) 873] ; *Hibernia Sav. & Loan Society* v. *Conlin,* 67 Cal. 178, 180 [7 Pac. 477] ; *German Sav. & Loan Society* v. *Hutchinson,* 68 Cal. 52 [8 Pac. 627] ; *Wise* v. *Williams,* 72 Cal. 544 [14 Pac. 204] ; 11B Cal. Jur. 447.)

■ It is the second contention of the defendants that there should be no allowance made to plaintiff in the foreclosure action for attorneys' fees ''as the same were not included in the claim filed with the executor by the holder of the mortgage''. An inspection of the record discloses that the claim which the plaintiff filed against the estate of the decedent contained, among others, the following demands: ''Contingent Claims and Demands: Claimant further claims any and all sums which it may pay by reason of the provisions of the mortgage herein referred to for taxes, assessments and incumbrances, adverse claims, insurance, repairs, costs and expenses of any action brought to foreclose said mortgage, including a reasonable sum to be fixed by the court as attorney's fees, . . . '' This was sufficient presentation of the claim for attorneys' fees.

■ The final contention of the defendants is that the judgment of foreclosure should not have provided for the issuance of a writ of execution for the deficiency, but that the judgment should have provided for the payment of such deficiency by the executor of the estate in due course of administration. This contention, of course, is in line with the law (Prob. Code, sec. 730) and is conceded to be the law by the plaintiff. The inclusion of the order for a writ of execution was a mere inadvertence. When the property was sold under foreclosure the amount received was sufficiently large

so that there was no occasion for a deficiency judgment. There is no necessity for a modification of the judgment.

Judgment affirmed.

Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 4, 1937. An application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1937, and the following opinion then rendered thereon:

THE COURT.—The petition for hearing is denied.

The opinion of the Appellate Court inadvertently indicates that in the case of *Visalia Savings Bank* v. *Curtis,* 135 Cal. 350 [67 Pac. 329], a claim was not filed. The opinion in that case expressly states that a claim upon the mortgage debt was presented, allowed, and filed.

It appears from the opinion of the Appellate Court herein that in fact the property involved in the instant case was sold under foreclosure subsequent to the judgment herein appealed from for an amount ''sufficiently large so that there was no occasion for a deficiency judgment''. In view of this fact the question of whether the judgment properly made provision for a deficiency judgment has become moot. We, therefore, withhold our approval from that portion of the opinion which finds that the provision for a deficiency is in accordance with law, and do not express an opinion on that question.