ALLEN, Chief Judge.
Wanda Louise Simpson, appellant herein, after electing to take dower in her deceased husband’s estate, petitioned the lower court for an order requiring the executor to pay from the estate funds a mortgagee’s claim which was filed but later withdrawn. The mortgagee, decedent’s mother, elected to rely exclusively on the security of a mortgage on property which was the decedent’s homestead at the time of his death. The executor filed an answer denying any obligation on the part of the estate. After hearing the cause and considering the documents on file, the lower court entered an order denying appellant’s petition for payment. From this order petitioner appeals.
On November 24, 1953, the decedent, Maurice Clay Simpson, then unmarried, executed his promissory note in the amount of $10,000 payable on demand to his mother, Ethel May-Simpson. This note was secured by a mortgage on decedent’s home in St. Petersburg.
Some three years later, on December 1, 1956, decedent married appellant, Wanda *767 Louise Simpson, and established the above mortgaged property as their homestead up until the date of decedent’s death which was May 7, 1957.
Decedent died testate and his brother, Clifford L. Simpson, appellee herein, was appointed executor under the will. The will, dated September 23, 1954, was made nearly three years prior to decedent’s marriage to petitioner and thus petitioner is a pretermitted heir of decedent.
On July 8, 1957, Ethel May Simpson filed against her son’s estate a claim for the mortgage indebtedness and no obj ection was interposed. Thereafter, on October 7, 1957, petitioner elected to take dower rather than take her share under the descent and distribution statute.
On April 29, 1958, Ethel May Simpson filed a withdrawal of her claim, setting forth an intention to enforce satisfaction of the claim by means of the mortgage alone and expressly waiving any right to a deficiency against the estate of her son. Wanda Louise Simpson then filed her petition for an order directing payment of the mother’s claim as an obligation of the estate, which petition was denied by the probate judge. This appeal was taken.
The appellant, on page 8 of her brief, states:
“In 34 Corpus Juris Secundum 208, Section 420, Executors and Administrators deals with ‘Withdrawal of Claim.’ The following statement is found therein:
“ ‘A claim against a decedent’s estate may not be -withdrawn by the claimant as a matter of right, especially after a hearing, where the withdrawal may prejudice the rights of others.’ (Emphasis supplied.)
“This holding would seem to be in line with the better reasoning. In the instant case the rights of the widow would be seriously impaired if the claimant were allowed to withdraw the claim and foreclose the mortgage against the homestead.”
The quoted sentence from 34 C.J.S. Executors and Administrators § 420, is part of the black letter subject. The further elucidation of the subject is as follows:
“It has been held that claimant against the estate of decedent has no absolute right to withdraw his claim, especially after a hearing, where such action may prejudice the rights of the estate (43) or third persons. (44) However, where the claim presented is the result of a compromise agreement with the representative, which is afterward repudiated by him, it has been held that the creditor may withdraw the claim and substitute another for the amount justly due, although the substituted claim is for a greater amount than the original.”
Under note (43) appears the following:
“In re Fontana’s Estate, 22 Pa. Dist. & Co. 496.
“Permission to withdraw the claim rests within the sound discretion of the court.”
Under note (44) the following appears:
“Where joint guarantor paid interest, he acquired equity in collaterals superior to other guarantor’s estate, and payee, having filed claim and received dividend, could not thereafter voluntarily surrender dividend and hold joint guarantor liable. — Pierce v. National Bank of Commerce in St. Louis, 8 Cir., 13 F.2d 40, certiorari denied National Bank of Commerce in St. Louis v. Pierce, 273 U.S. 730, 47 S.Ct. 240, 71 L.Ed. 863.”
It should be noticed that the withdrawal of the claim in this case by the mortgagee would not prejudice the estate of any rights in the homestead as the homestead is not under the control of the probate court.
*768 It is generally held that the presentation of a claim does not require an election to rely solely on the liability of the estate, so as to preclude claimant from resorting to other remedies. Kelly v. Snow, 168 Minn. 298, 210 N.W. 105; Moore v. Rice, Tex.Civ.App., 110 S.W.2d 973.
In the case of Baskin v. Aetna Life Ins. Co., 190 Ark. 448, 79 S.W.2d 724, it was held that a claimant whose claim was secured by a lien on funds due the deceased, and who had probated a claim against the estate, was not estopped to enforce his lien, since these remedies were not inconsistent, hut creditor was entitled to only one satisfaction.
We find the general rule is that a mortgagee filing claim against an estate does not waive his right to enforce the mortgage lien. Baker v. Reconstruction Finance Corp., 5 Cir., 1940, 109 F.2d 336; Graham v. Perry, 200 Wis. 211, 228 N.W. 135, 68 A.L.R. 267; Bank of Commerce v. Williams, 52 Wyo. 1, 69 P.2d 525, 110 A.L.R. 1463; Security-First Nat. Bank of Los Angeles v. Evanson, 134 Cal.App. 393, 25 P.2d 537.
We do not see how the withdrawal of the mortgagee’s claim could affect the appellant. Even if the claim had not been withdrawn, the mortgagee could still have foreclosed her mortgage against the homestead property had not the appellant or the remaindermen paid off the indebtedness. The withdrawing of the claim was a potential detriment to the mortgagee since, should the mortgage security fail to bring a sufficient sum to pay the indebtedness to the mortgagee, she could not claim a deficiency decree against the estate.
In re Comstock's Estate, 143 Fla. 500, 197 So. 121, 123, involved a situation wherein a petition was filed for an order directing the executor to pay off and discharge a mortgage.
Comstock left certain property in St. Petersburg, which was admitted to be his homestead at the time of his death. His widow acquired a life estate in his homestead with a vested remainder in his two lineal descendants. Comstock’s will, after payment of debts, set up a trust of the residue of his property. The income from the trust was to he paid to the widow for her life and upon her death the income to be paid to his two lineal descendants. Certain grandchildren were granted the property upon the death of the life tenants. At the time of Comstock’s death, his homestead property was subject to a mortgage. The mortgagee did not file any claim against decedent’s estate on the note secured by the mortgage within eight months from the date of the first publication of the notice to creditors. On a petition by the executor, the County Judge directed him to continue making payments on the mortgage. The grandchildren were not parties to this proceeding, although they had a direct interest in the question presented by the executor’s petition. A supplemental petition was filed from an order requiring the payment by the executor and an appeal was taken to tire Supreme Court involving the single question of whether or not the probate court could direct the payment of a mortgage debt out of the decedent's estate where no claim was filed therein.
In the opinion of the court, written by Mr. Justice Buford, it was said:
“It appears from the record here that while the decedent was possessed of considerable property prior to his death, he, being joined by his wife, saw fit to execute a good' and valid mortgage pledging the homestead for the payment of the debt above referred to and it must be assumed that he intended that his creditor the mortgagee, could look to the security of the pledge of that property for the payment of that particular debt. It is evident that he died knowing that the condition existed and he was *769 charged with knowledge of the law governing such matters.
* * * * * *
“Mortgages on homestead property are not specifically exempted by the statute, nor are the debts secured by mortgage upon the homestead property exempted from the terms of the statute. So it is that under the statutes debts secured by mortgage on the homestead have the same status as would debts secured by mortgage on any other property.
^ % ‡ s|* %
“The homestead was subject to the lien evidenced by the mortgage during the lifetime of the decedent, and if he had continued to live until the mortgage fell due and the mortgage had become delinquent, then the mortgagee would have had the right to foreclose the mortgage and, -unless the debt were paid, would have the right to have the homestead property sold to satisfy the debt. In Miller v. Finegan, 26 Fla. 29, 7 So. 140, 6 L.R.A. 813, this Court held in effect that the Constitutional provisions above referred to merely mean that those who inherit the homestead take with it, and as an incident to the inheritance, the same exemption from the debts of the deceased head of the family who owned it as he enjoyed at the time of his death. * * *
******
“While our sympathies are with the beneficiaries of the homestead, the law must be applied as we find it. The courts have no more authority to deprive one set of heirs or beneficiaries of their legal rights than they have to deprive another set of heirs or beneficiaries of their legal rights.
“The provisions of the law, as adopted in the wisdom of the legislature, have fixed it so that no property left by the decedent is available for the payment of this debt secured by a mortgage, except the mortgaged property, and the fact that that mortgaged property happened to be a homestead does not change the application of the law in this regard.”
In the case now before this Court the mortgagee filed a claim but withdrew the same, which was a detriment to the mortgagee and not to the estate. If she had not withdrawn her claim she would have had the assets of the estate in addition to the security of the homestead to protect her money, but by withdrawing this claim, she loses the security of the assets of the estate and has to look solely to the mortgage security for payment.
As the able probate judge states in his decision:
“These proceedings may be, in a sense, a non-probate controversy between parties neither of whom has an actual, disputed claim against the estate. The mortgagee disclaims any interest and, except for her dower which is definite, the petitioner has no interest. As applied to these proceedings in this court, there is no question of estoppel or election of remedies. No interest was vested in the petitioner by the filing of the claim and no divestiture resulted from its withdrawal.”
The Judge then concluded that there was no legal basis for an order directing the executor to pay the mortgage indebtedness to Ethel May Simpson, she having withdrawn her claim as she had the right to do. He stated it was the duty of the executor to pay only those claims which were valid and subsisting demands against the estate.
Finding no error in the lower court’s decision, the case is affirmed.
KANNER and SHANNON, JJ., concur.